GEORGE E. PALMER, as Executor, etc., Respondent, *v.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

Under the provision of the Code of Procedure (§ 427) authorizing the bringing of an action against a foreign corporation by "a resident of this State for any cause of action," *held*, that an action was properly brought in this State by an executor, a resident therein, upon a policy of insurance issued by a Connecticut corporation upon the life of the testator, who resided and died in that State, the will having been admitted to probate in that State, and afterward, upon production to the surrogate of an authenticated copy having been admitted to probate in this State.

The policy acknowledged receipt of the first premium, and contained a condition avoiding it in case of non-payment of the annual premiums on or before the date they fell due. There was also a notice indorsed upon the policy to the effect that no receipts for premiums should be valid unless signed by the president or secretary, and that no agent had authority to alter a policy or to receive any premium after it became due "without special permission from the officers of the company." S., who was general agent of defendant for the State of Rhode Island, took the application for the policy in question in Connecticut. He took notes for the first premium, which contained a condition avoiding the policy if the amount was not paid when due; he forwarded the application to defendant, received the policy and delivered it to the insured. The

first note was not paid when due and the insured wrote to S., expressing inability to pay and asking to be relieved from liability. S. thereafter made a new agreement, taking new notes with longer time to run, the notes containing the same condition, printed forms furnished the agent by the company being used. S. informed the defendant of this arrangement and forwarded to it two of the notes; it made no objection, received the money on the first note falling due, which was paid at maturity, and retained the others until after the death of the insured. The second note not being paid at maturity, S. wrote to the insured, using paper with a printed heading furnished by the company, in which he was styled its general agent, asking for payment of the note by a day named, and this not having been complied with again wrote, asking the insured to send the amount " by return of mail or by express." On the day this letter reached the insured he inclosed the amount in bank bills in a letter addressed to S. at his place of residence, which he mailed in time for a mail leaving the same day, although not the first mail after the receipt of the letter. The letter, with its contents, never was received by S. In an action upon the policy, *held*, that the condition and notice had no reference to the first premium, but only to subsequent ones, and so placed no restrictions upon the power of S. as to the notes taken by him, and in the absence of any notice of a limitation upon his authority as general agent the insured had a right to suppose he could extend the time and prescribe the mode of payment, and that payment in the mode prescribed was binding upon the defendant; that the direction in the letter of S., to send by return mail, did not require the answer to be sent by the first return mail; that the insured was entitled to a reasonable time for compliance before he could be put in default; and that the letter with money was mailed in time.

(Argued January 21, 1881; decided February 8, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 14, 1880, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Samuel Hand* for appellant. The claim was *bona notabilia* in the place where the parties reside, and not under any possible view assets due or collectible in this State. (*Been* v. *Sherman*, 73 N. Y. 299; *Holcomb* v. *Phelps*, 16 Conn. 136; *Abbott, Adm'r,* v. *Coburn*, 28 Vt. 670; *Burbank* v. *Payne*,

17 La. Ann. 15; *Sawyer* v. *Ins. Co.,* 46 Vt. 697; *Lewis* v. *Union Ins. Co.,* 97 U. S. 682; *Smith* v. *Mut. Ins. Co.,* 14 Allen, 336; *Camden Co.* v. *Snead Co.,* 36 N. J. L. 15; *Bullock* v. *Rogers,* 16 Vt. 323; 2 Redfield on Wills, 21; *Doolittle* v. *Lewis,* 7 Johns. Ch. 47; Story's Conflict, §§ 513, 518; *Boston* v. *Boylston,* 2 Mass. 384; *Stone* v. *Scripture,* 4 Lans. 186; *Merrill* v. *N. E. Ins. Co.,* 103 Mass. 245; Wharton's Conflict of Laws, § 634; *Herdenberg* v. *Herdenberg,* 46 Conn. 23; *Sayre* v. *Coley,* 1 Redf. 409.; *Parsons* v. *Lyman,* 20 N. Y. 103.) The referee erred in his conclusion, that the policy of insurance was in full force at the time of the death of the assured. It was clearly forfeited by the failure to pay the three months' note. (*Mersereau* v. *Phœnix Ins. Co.,* 66 N. Y. 274; *Catoir* v. *Am. Ins. Co.,* 33 N. J. L. 487; *Baker* v. *Life Ins. Co.,* 43 N. Y. 282; *Pitt* v. *Berkshire Ins. Co.,* 100 Mass. 500; *Wall* v. *Home Ins. Co.,* 36 N. Y. 167; *Roehner* v. *Knickerbocker Life,* 63 id. 160.) The acts of Skinner, the local agent, did not amount to a waiver of the payment of the note when it became due. (*Mersereau* v. *Phœnix Ins. Co., supra; Rodgers* v. *Insurance Co.,* 2 Lans. 480; *Franklin Ins. Co.* v. *Sefton,* 6 Ins. Law J. 95; *Diboll* v. *Ætna Ins. Co.,* 9 id. 827.) An agent to have had power to waive a forfeiture in this case must have had special power from the company. (*Wall* v. *Home Ins. Co., supra; Busbey,* v. *N. Am. L. Ins. Co.,* 4 Ins. L. R. 116; *Evans* v. *N. Y. L. Ins. Co.,* 5 id. 335.) Courts will not extend the power of the agent by implication in fraud of the company and for the benefit of the insured. (*Ryan* v. *The World Mut. L. Ins. Co.,* 41 Conn. 168; *Mersereau* v. *Phœnix Mut. L. Ins. Co.,* 66 N. Y. 274; *Davis* v. *Mass. M. L. Co.,* 13 Blatchf. 162.) The sending of the money by mail would not amount to a payment unless sent as directed by Skinner by the first return mail. (*Averill* v. *Hedge,* 12 Conn. 424.) The address of the letter was not good, because it did not state the number of the street. (*Wall* v. *Haynes,* 4 Ryan & M. 149; 2 Parsons on Contracts, 621, note.) As the pleadings stand proof of waiver could not supply the want of evidence of performance. (*Berhard* v. *Washington L. Ins. Co.,*

5 Life & Acc. Ins. R. 143; *Kelsey* v. *Western,* 2 Comst. 506; *Field* v. *Mayor, etc.,* 2 Seld. 179.)

*E. Bartlett* for respondent. There can be no question as to the jurisdiction of the court. (Code of Procedure, § 427; *Gibbs* v. *Queens Ins. Co.,* 63 N. Y. 114; *Prouty* v. *Mich. South. & N. Y. R. R. Co.,* 4 N. Y. Sup. Ct. [T. & C.] 230; *Root* v. *Gt. West.,* 1 id. 10.) Nothing in the notice, indorsed on the policy, can be construed as a notice to Dr. Palmer that Mr. Skinner had no power to waive the forfeiture clause contained in the note. (Bliss on Life Ins. 487; *Miller* v. *Brooklyn Life Ins.,* 12 Wall. [U. S.] 288; *Mersereau* v. *The Phœnix Life Ins. Co.,* 66 N. Y. 274.) A general agent has power to waive a forfeiture. (*Carroll* v. *Charter Oak,* 10 Abb. [N. S.] 166; *Hotchkiss* v. *Germania,* 5 Hun, 96; *Lightbody* v. *N. Am.,* 23 Wend. 18; *Leeds* v. *Mechanics,* 8 N. Y. 351; *Post* v. *Ætna,* 43 Barb. 351; *Thompson* v. *Am. Tontine,* 46 N. Y. 674; *N. Y. Cent. Ins. Co.* v. *National Protection Ins. Co.,* 20 Barb. 468; *Wood* v. *Poughkeepsie Ins.,* 32 N. Y. 619; *Sheldon* v. *Atlantic Fire & Marine,* 26 id. 460; *Onendorf* v. *Beardsley,* 23 Barb. 656.) Mr. Skinner's acts, after maturity of the note, amounted to a waiver of the forfeiture. (Bliss on Life Ins. 452, § 272; *Viele* v. *Germania,* 26 Iowa, 9; *Bouton* v. *American,* 25 Conn. 542; *Boehm* v. *Williamsburg,* 35 N. Y. 131; *Norton* v. *Knickerbocker Life,* 6 Otto, 234; *Miller* v. *Brooklyn Life,* 12 Wall. 285; *Vial* v. *Genesee,* 19 Barb. 440; *Washoe Tool Co.* v. *Hibernia,* 7 Hun, 75; affirmed, Ct. of App., 66 N. Y. 613; *Goit* v. *National,* 25 Barb. 190; *Bodine* v. *Exchange,* 51 N. Y. 117; *Mut. Ben.* v. *French,* 2 Cin. 321; *French* v. *Mutual,* 30 Ohio, 240; *Sheldon* v. *Atlantic,* 26 N. Y. 460; *Trevor* v. *Colgate,* id. 307.)

EARL, J. This is an action upon a policy of insurance issued by the defendant, a Connecticut corporation, upon the life of plaintiff's testator, who resided and died in that State. He left a will in which the plaintiff, a resident of this State, was named as executor. The will was proved and admitted to

probate in that State, and afterward, upon the production to the surrogate of the county of New York of a properly authenticated copy of the will from the Probate Court of Connecticut, the will was admitted to probate, and letters testamentary were by him issued to the plaintiff. . The plaintiff afterward commenced this action, making service of the process in this State, and the defendant appeared therein and answered the complaint.

No point is made that the surrogate of New York did not have jurisdiction to grant the letters to the plaintiff, or that the Supreme Court did not obtain and have jurisdiction over the defendant. But it is contended that the Supreme Court did not have jurisdiction over the subject of the action. We are of opinion that it did have.

The Code of Procedure, which was in force when this action was commenced, provided, in section 427, that an action might be brought against a foreign corporation by "a resident of this State for any cause of action." The plaintiff was a resident of this State, and therefore, but for the fact that he sued in his representative capacity, there could be no question as to his right to sue the defendant for the cause of action alleged in the complaint. But the fact that he sues as executor can make no difference. He nevertheless was a resident of this State, and therefore within the description contained in the statute. After the plaintiff took out letters in Connecticut, by virtue of them and the will he became vested with the legal title to this policy of insurance, and he owned it everywhere, in this State while here, as well as in the State of Connecticut. Here he could have received payment from the defendant, and could have discharged the policy. (*Parsons* v. *Lyman*, 20 N. Y. 103 ; *Middlebrook* v. *Merchants' Bank of N. Y.*, 3 Abb. Ct. of App. Dec. 295.) But he could not have sued to enforce payment without letters issued to him in this State. Letters here were not needed to give him title to the policy, but simply to give him a standing in our courts to enforce payment of the same. The plaintiff thus owned the policy, was a resident of this State, and had the right to sue the defendant ; and we are unable to

perceive any reason, or to find any authority for holding that the Supreme Court did not have jurisdiction of both the parties and the subject of the action.

The further point is made, that the policy became void in the life-time of the assured, on account of facts now to be stated. The policy was issued January 15, 1868, and the assured died on the 8th day of May thereafter. The annual premium to be paid was $554.50. The policy contained a condition that "if the said premiums shall not be paid at the office of the company, in the city of Hartford, Conn., or to an agent of the company, on his producing a receipt, signed by the president or secretary, on or before the date above mentioned, then, in every such case, the said company shall not be liable for the payment of the sum assured, or any part thereof, and this policy shall cease;" and also, on the back thereof, a notice that "no receipt for premiums on this policy is valid unless signed by the president or secretary of the company at Hartford, Conn., and that no agent has authority to interline, alter or otherwise change any policy, or to receive any premium after date of its being due, without special permission from the officers of the company." About January 1, 1868, P. Skinner, Jr., was appointed an agent by the defendant for the purpose of procuring and effecting insurance on lives, and securing applicants for insurance who should be satisfactory to the company, and for the purpose of collecting and paying over premiums on such insurance, when effected. The district assigned to him as such agent, and which was expressly "to be under his exclusive control," was to embrace the entire State of Rhode Island, and he was "to act exclusively for said company, so far as to tender to it all risks obtained by him or under his control."

Skinner went to Stonington, in the State of Connecticut, and there took the application for the insurance in question. Instead of receiving cash for any part of the first premium, he took the note of the assured, at twelve months, for $277 and interest, and another note, at thirty days, for $278.50, which was the balance of the premium, including one dollar for the policy fee. He forwarded the application to the company, giv-

ing the assured what was called a " binding receipt," which was
subject to the decision of the medical examiner at the home of-
fice, and was binding until rejected.   He afterward received
the policy from the company and delivered it to the assured.
The notes were dated January 15, 1868.  The note for thirty
days was not paid when it fell due and was protested.   That
note contained a provision " that if the amount of this note shall
not be paid when due, the said policy shall be null and void."
The assured then wrote to  Skinner, expressing his inability to
pay the note, and requesting to be relieved from his responsi-
bility.   After that, Skinner saw him and made a new agree-
ment with him as to that note.   He left the note for twelve
months outstanding and took the assured's three notes for $69
each, at three, six and nine months from January 15, and a
fourth note for the balance at ten days, which was paid at ma-
turity.   The three notes contained the same provision above
stated, as contained in the note for thirty days, and were from
printed forms furnished to the agent by the company.

After taking these notes under the new arrangement, Skin-
ner informed the company of what he had done, and forwarded
to it the two notes for six and nine months, and also either for-
warded to it the note for three months or retained it for col-
lection, and it, knowing what he had done, made no objection.
It received the cash paid on the note for ten days and retained
the notes for six, nine and twelve months until after the death
of the assured.

The note for three months was not paid at maturity.   On
the sixteenth day of April, Skinner, using paper furnished to
him by the company, with a printed heading in which he was
styled its general agent, wrote to the assured, asking payment
of the note by the twenty-fifth day of that month.   On the
seventh day of May, under a similar heading, he again wrote
him as follows: " You will confer a great favor if you send by
return of mail, or by express, the amount of quarterly premium,
already past due on your policy of insurance, so that I can
make my return to home office.   The amount is $69.   Please
forward the same, and very much oblige."   That letter

reached the assured at Stonington on the eighth day of May, soon after nine o'clock. He was then quite ill. He took $69 in bills and inclosed them in a letter addressed " P. Skinner, Providence, R. I.," and caused the letter to be placed in the post-office at four o'clock P. M., in time for the mail which left Stonington for Providence at six o'clock P. M. of that day, missing the mail which left Stonington for Providence at half past one P. M., the only prior mail after nine o'clock. The assured died at nine o'clock P. M. of the same day, and the letter, with its contents, did not reach its destination, and was never afterward heard of by any of the parties interested. The company now claims that the policy was forfeited by the failure to pay the note for three months.

The condition and notice contained in the policy, as recited above, have no reference to the first premium, payment of which is acknowledged in the policy, but, clearly by the language used, have reference to subsequent premiums to be paid, and hence placed no limitations upon the power of Skinner as to the notes taken by him. When the thirty days note fell due the company could, by its terms, have claimed the forfeiture caused by the non-payment thereof. But that it did not do ; it waived that forfeiture and entered into a new agreement. Again, when the note for three months fell due, the company could have claimed a forfeiture of the policy ; but it did not do so. Skinner was held out to the assured as one having authority to act as general agent of the company. In his dealings with these notes there was no limitation in his authority, at least none known to the assured. His act in waiving the forfeiture, on account of the failure to pay the thirty days' note, was sanctioned by the company. The assured dealt with Skinner in making and giving the new notes. This note was in Skinner's hands for collection as general agent, and, in the absence of any notice of any limitation upon his authority, the assured had the right to suppose that he could extend the time of payment and prescribe the mode of the payment thereof, and thus waive the performance of a condition which he had imposed in taking the note. Without now referring to the evidence

in greater detail, we concur with the learned referee, for reasons more fully stated in his opinion, that the assured had the right to suppose, when he posted his letter with the money to Skinner, on the eighth day of May, that his policy was then in force; that Skinner was then authorized to receive payment of the money upon the note, and to treat the policy as valid. Payment by the assured, in response to the letter of Skinner, could not therefore be repudiated by the company. But it is said that payment was not made as directed in Skinner's letter, and that therefore it was ineffectual. The assured was requested to send the amount of the note by mail or express. It cannot be denied that he sent it by mail, as requested. If he sent it as requested, it was at the risk of the company. But it is said that the letter was not properly directed. There were no particular directions in Skinner's letter, as to how the letter of the assured should be addressed. There was no proof that there was in Providence any other person by the name of P. Skinner, except defendant's agent. It does not even appear that there was a person known as P. Skinner, senior. Hence, it cannot be said that the letter was misdirected, or that it failed to reach its destination on that account.

It is further contended that the money-letter was not mailed in time for the return mail at 1:30. The request in Skinner's letter was not that the money should be sent by the first return mail, and no one receiving such a letter residing in a city where there were several mails every day, would so understand it. It cannot be supposed that Skinner meant the money should be sent to him by the first return mail or he would not receive it, and then insist upon the forfeiture of the policy. After the receipt of the letter, the assured was entitled to a reasonable time in which to comply, before he could be so put in default as to cause a forfeiture of his policy. Taking into consideration all the circumstances, we think that the money letter was mailed in time to comply with Skinner's request.

We are, therefore, of opinion that the action was not well defended, and that the judgment should be affirmed, with costs.

All concur; except RAPALLO, J., absent.

Judgment affirmed.