### FARRINGTON et al. v. AMERICAN LOAN & TRUST CO. et al.

*(Superior Court of New York City, Special Term. January 21, 1890.)*

1. EXECUTORS AND ADMINISTRATORS—SUITS BY FOREIGN ADMINISTRATOR.

A foreign executor or administrator has no standing as a party plaintiff in the courts of New York unless he has taken out letters there.

2. SAME—DESCRIPTIO PERSONÆ.

The words, "as administrator of the estate of L. B., deceased, etc.," appearing in the title of an action, cannot be treated as mere *descriptio personæ.*

3. TRUSTS—SUITS TO REMOVE TRUSTEE—PARTIES.

A suit by the holders of a greater part in value of bonds secured by the deposit of securities in the hands of a trustee, under an instrument of trust, to remove the trustee for misconduct, and appoint another to administer the trust, without mak-

ing the holders of the rest of the bonds parties, cannot be maintained. It is not sufficient to name them in the title as defendants, as "the unknown persons, owners and holders of the debenture bonds mentioned in the complaint."

Action by Horace Farrington and William H. Brigham, as administrator of the estate of Luther Brigham, deceased, against the American Loan & Trust Company of New York, James L. Williams, receiver of the American Electric Manufacturing Company, and the unknown persons, owners and holders of the debenture bonds mentioned in the complaint. The complaint, *inter alia*, alleges that on December 1, 1885, the American Electric Manufacturing Company deposited with the American Trust Company certain stocks of other companies under a trust agreement which provided that such stocks should be held by the trust company as collateral security for debenture bonds of the electric company, which were to be issued by the electric company and certified by the trust company; that the plaintiff Farrington and Luther Brigham became at certain times the owners of some of these bonds; and that Luther Brigham died intestate, and letters of administration upon his estate were granted in the state of Massachusetts to plaintiff William H. Brigham. It was also alleged that the trust company has been derelict in its duty as trustee in certain particulars not necessary to specify, and its removal as trustee was asked for on plaintiff's behalf as well as on behalf of all other bondholders. The defendant trust company demurred to the complaint (1) on the ground that it appears upon the face of the complaint that the plaintiff Brigham, as administrator, etc., has not legal capacity to sue, because it appears that he is a foreign administrator, deriving his powers and appointment from and under the laws of the state of Massachusetts; (2) on the ground that there is a misjoinder of parties plaintiff, because it appears by the complaint that plaintiff Brigham, as administrator, etc., and deriving his powers and appointment from and under the laws of Massachusetts, and having no legal capacity to sue, should not have been joined as a party plaintiff; (3) on the ground that there is a defect of parties plaintiff, because it appears by the complaint there are other holders than the plaintiffs of the debenture bonds mentioned in the complaint, without whose presence as parties the rights of the parties cannot be determined; (4) on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Henry C. Andrews*, for plaintiffs. *Tracy, McFarland, Boardman & Platt*, for American Loan & Trust Co.

DUGRO, J. This action is brought by Horace Farrington and William H. Brigham, as administrator of the estate of Luther Brigham, deceased, against the defendant, and by it equitable relief is sought. The complaint alleges that the plaintiff Brigham is administrator by virtue of letters granted in the state of Massachusetts. It does not appear that letters were granted to him in New York.

It has always been the law of this state that a foreign executor or administrator has no standing as a party plaintiff in our courts without taking out letters here. *Palmer* v. *Insurance Co.*, 84 N. Y. 67; *In re Webb*, 11 Hun, 124; Redf. Sur. Pr. (3d Ed.) 442, and cases there cited.

The words, "as administrator of the estate of Luther Brigham, deceased, etc.," appearing in the title of the action, cannot be treated as mere *descriptio personæ*. In *Stilwell* v. *Carpenter*, 62 N. Y. 639, relied upon as an authority in support of plaintiff's claim that they can be so considered, the word "as" does not appear. The complaint confirms the fact that the action is brought by Brigham in his representative capacity, and not personally. The first and second grounds of demurrer are, therefore, well taken.

The third ground of demurrer is also tenable. *Bear* v. *Telegraph Co.*, 36 Hun, 400. It is not necessary to pass upon the question presented by the fourth ground of demurrer, as it can readily be removed if the plaintiff amends,

as can also, probably, a point raised by reason of the failure of the complaint to allege that the bonds in question were not registered. The defendant should have judgment upon the demurrer in his favor, with costs; with leave, however, to plaintiffs to amend within 20 days on payment of costs.