CAROLINE B. VAN BOKKELEN, Respondent, *v.* MASSACHUSETTS BENEFIT ASSOCIATION, Appellant.

*Insurance — forfeitures are not favored — estoppel by a custom of business — notice of a change in the method of making payments — who may maintain an action to reinstate a policy.*

Forfeitures are not favored in the law and courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture or an agreement to do so, upon which the other party has relied and acted.

Any agreement, declaration or course of action on the part of an insurance company which leads the party insured honestly to believe that by conforming to it a forfeiture of his policy will not be incurred, followed by due conformity upon his part, will estop the insurance company from insisting upon the forfeiture although such forfeiture might be claimed under the express letter of the contract.

Where the absolute title to policies of insurance is in an assignee while she lives, and during that time no other person has any interest whatever in the policies, she is entitled to bring an action to reinstate the policies without joining the assured or other persons who in the event of the assignee's death might have an interest.

Upon the trial of an action brought to reinstate a policy of insurance issued by a benefit association, claimed by the association to have been forfeited through a failure of the assured to pay a mortuary call within the time prescribed, it appeared that the insured deposited a check in a New York post office letter box upon the day when the remittance became due, and that for a period of thirteen years the assured had been in the habit of paying premiums by depositing a check for such amounts in a New York post office letter box, although the contract of insurance required that payments should be made at the home office of the company in Boston.

Some time prior to the last mortuary call the form of the notice was changed and a statement was placed in fine print upon a coupon attached to the notice, which coupon was to be returned to the company, that remittances must reach the home office on or before the expiration of the time limited in the notice, but the assured testified that he had no knowledge of the change in the form of the notice until the time of the trial of the action.

*Held,* that the company having failed to give the assured proper notice of the change in its rule as to the method of making payments, was not justified in enforcing the forfeiture of the policy for a failure to pay the assessment in time.

APPEAL by the defendant, the Massachusetts Benefit Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the

22d day of April, 1895, upon the decision of the court rendered after a trial at the New York Special Term.

This action was brought by the assignee of one Spencer D. C. Van Bokkelen to compel the reinstatement of two policies of insurance upon the life of said Van Bokkelen claimed by the defendant to have been forfeited by the assured through an alleged failure to comply with the conditions of said policy.

*J. K. Hayward,* for the appellant.

*Alexander S. Bacon,* for the respondent.

O'BRIEN, J. :

The defendant, in 1881, issued two policies of insurance on the life of Spencer D. C. Van Bokkelen. For thirteen years he continued to pay the premiums every two months on these policies. About the 1st of January, 1894, the defendant sent him a notice of a mortuary call to be paid on or before February 1, 1894. Although there is a dispute as to whether a check in payment thereof was mailed on the first or second day of February, the learned trial judge, on conflicting evidence, concluded (and with such conclusion we see no reason to interfere) that on the first day of February a check for the assessment was mailed by depositing such check in a New York post office letter box, inclosed in a post-paid envelope, directed to the defendant in Boston. From time to time during the thirteen years payments had been thus made, although the contract required that they should be made at the home office in Boston. It further appeared that at some time prior, but just how long before does not appear, the form of notice was changed, and a statement was placed in fine print in the coupon which was part of the mortuary notice, and which coupon was to be returned to and retained by the defendant, that the remittances must reach the home office in Boston on or before the expiration of the time limit named in the notice. Such statement was not contained in the body of the notice which was to be retained by the insured as a receipt for his premium, and Mr. Van Bokkelen swears that he never knew of this change in the form of notice until he heard of it in court on the day of the trial.

In disposing of this question the learned trial judge said : "The

notice says that the call must be paid on or before February 1st, and the express notice is that it may be made by check. The course of dealing between the parties would settle what was meant by this notice, and, when it appears that the company was in the habit of accepting as a payment checks mailed upon the day that the amount was required to be paid, I think there must be some express and explicit notice to the assured that it required a different method of payment before they could insist upon a forfeiture where the usual method had been adopted. And the mere fact that on a coupon annexed to the notice was printed, in small letters, a statement that the company would require that the remittances must reach the home office on or before the expiration of the time limit in the notice was not sufficient notice to the assured to justify the company in changing its method that had been adopted for making the payments. Good faith to the assured required that he should be distinctly informed that his policy would be forfeited unless he changed the method by which, with the assent of the company, he had been in the habit of making his payments. It appears in this case that the assured had paid promptly the calls under these policies for many years, and it is a harsh enforcement of a technical provision that would forfeit these policies after such payments, because of the difference of one day in the receipt of the premium, and I think there is presented a fair case for the interposition of a court of equity."

We might well have affirmed this judgment upon the opinion of the court at Special Term; but it has been forcibly insisted that there is no legal warrant for the conclusion thus reached, and to show that in this the appellant is mistaken it is only necessary for us to refer to one or two decisions. In *Life Ins. Co.* v. *Eggleston* (96 U. S. 572) Judge BRADLEY said: "We have recently, in the case of *Insurance Company* v. *Norton* (*supra*, 234), shown that forfeitures are not favored in the law, and that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture or an agreement to do so on which the party has relied and acted. Any agreement, declaration or course of action on the part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due

conformity on his part, will, and ought to, estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture."

The rule thus stated was not only applied in the cases cited, but in our own State we have many similar instances of its application, from but one of which it will be necessary to quote, and that only because it is in many of its features analogous to the case at bar. We refer to the case of *Kenyon et al.* v. *The K. T. & M. M. A. Association* (122 N. Y. 247). The certificate of insurance there provided that if any assessment was not paid within ten days after proper notice the certificate should cease and determine; there was indorsed upon it a by-law that any member failing to pay his assessment within ten days after notice would forfeit the certificate of membership and all benefits therefrom, but that he might be reinstated within thirty days after notice, if allowed, by paying all arrearages. On March 27, 1885, defendant's secretary mailed to the assured a notice that an assessment was due and payable on or before April sixth; it also stated that assessments were payable at defendant's office in cash, by sight draft or money order, payable to defendant's secretary. Plaintiffs proved that on April 4, 1885, the assured " sent by mail from Watertown his check drawn upon a bank there for the amount to the defendant's secretary at Cincinnati payable to the order of the latter. It was sent sufficiently early to reach by due course its place of destination within the ten days mentioned in the notice, but it was not received by the defendant's secretary. And if it had reached him within that time he would not have been required to accept it in performance of the contract as represented by its terms before mentioned; but the course of dealing between the parties had been such that the member was at liberty to assume that his check upon the bank was receivable by the defendant because it had uniformly and without objection received his checks in payment for assessments upon the certificate. So far the defendant had waived strict performance and permitted the member to pay in his checks as a substitute for the method of payment mentioned in the notice. It appeared that within a little more than a year and a half preceding the time of this assessment, Kenyon had sent to the secretary fifteen checks drawn by

him as this was, and upon the same bank at Watertown in payment of assessments and that they were so received. But it is contended that the receipt at the home office of the defendant of that which the assured was permitted to deliver in payment was essential to accomplish it; that is the rule when nothing appears to the contrary (*Ins. Co.* v. *Davis*, 95 U. S. 425), and such was the effect of the contract in question, and, as we have seen, not modified by the terms of the notice of assessment." Upon these facts it was held that from the course of dealing adopted by the defendant in respect to the payments, the assured might fairly and in good faith have been led to suppose that defendant's requirement as to payments was satisfied by mailing the check. (See, also, *Titus* v. *G. F. Ins. Co.*, 81 N. Y. 410; *Roby* v. *A. C. Ins. Co.*, 120 id. 510; *Miesell* v. *Globe Mutual Life Ins. Co.*, 76 id. 115; *Palmer* v. *Phœnix Life Ins. Co.*, 84 id. 71.)

It appearing then that Mr. Van Bokkelen mailed his check on the 1st day of February, 1894, the last day called for in the notice, a thing that he had frequently done before, and notice not having been properly given, and, therefore, no knowledge having been brought to the assured of any change in its rule as to the methods of payment, it would be inequitable to permit the defendant to cancel the policies.

The only other question is as to the right of plaintiff to maintain this action. It was shown that by the assignment the absolute title to the policies was vested in the plaintiff while she lives, and during that time no other person has any interest therein; and even if we assume what does not appear, that there are other parties who, in the event of her death, might have an interest in the policies, this would not require that they should be brought in. We think, therefore, that without joining either them or Mr. Van Bokkelen, the plaintiff could maintain this action.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.