## GUILFOYLE v. NATIONAL LIFE ASS'N.

(Supreme Court, Appellate Division, Second Department. January 10, 1899.).

1. INSURANCE—PREMIUM NOTICE—PAYMENT.
    Pursuant to a premium notice requiring payment at the home office, the company recognized payments by check sent by mail; and this for over two years after it had changed the notice by adding in fine print a statement that it would not be responsible for loss or delay in the mails, and that mailing the premium was not payment; that the premium must be received at the home office on or before the date due. The company took no step to call insured's attention to the change, and the beneficiary, who

always made the payments, testified neither he nor insured had noticed the change. *Held*, that the seasonable mailing of the amount was a payment, though the company never received it, since notice of the change was not brought to insured's attention.

2. APPEAL—DECISION.
    The appellate court, in affirming a judgment, is not concluded by the grounds on which it was based.

3. SAME—OBJECTION NOT RAISED BELOW.
    Objection that a check insisted on as payment was not good cannot be first raised on appeal.

4. PAYMENT.
    Where a party denying that a check constituted payment refused to accept money, he cannot object that the check was not good.

Appeal from special term, Westchester county.

Action by William E. Guilfoyle against the National Life Association. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edwin D. Worcester, Jr., for appellant.
F. X. Donoghue, for respondent.

HATCH, J. This action is brought to recover upon a contract of insurance issued by the Mutual Benefit Life Association of America, and subsequently transferred to the defendant. The question presented by the appeal relates solely to the sufficiency of a payment of the premium due upon the policy prior to the death of the insured. It appeared in the evidence that the contract of insurance was issued in 1884. After its assumption by the defendant, it sent to the insured, pursuant to its contract, from time to time, notices of premiums due from the insured thereunder. It does not clearly appear in the testimony who paid the first premium, but for the most part the premiums were paid by the plaintiff, who, with his sister, were the beneficiaries named in the policy; and, she having assigned her interest to the plaintiff, he is now the sole beneficiary therein. After the plaintiff began to pay premiums, the usual course was for the insured to receive premium notices and deliver them to the son, who, except in one or two instances, when he paid by post-office money order, inclosed the notices, with a check, in an envelope furnished by the defendant, directed to its home office, in Hartford, Conn.; and thereafter the notices, stamped "Paid," were returned to the insured. The premium notice first sent out by the defendant provided that payment of premium should be made at the home office in Hartford, and, pursuant to such notice, it recognized payments made by check and sent through the mail. Under such a notice it has been held that payment by check deposited in the post office prior to the date when the premium was due was a good payment, even though it was not received at the home office until after the date when the premium became due. Primeau v. Association, 77 Hun, 418, 28 N. Y. Supp. 794, affirmed in the court of appeals 144 N. Y. 716, 39 N. E. 858. Some time after 1894, and as early as June 29, 1895, the defendant attached to its notice for the payment of premiums, in addition to what it had previously contained, the following state-

ment: "We inclose you an envelope directed to the company, for your convenience in case you remit by mail. But it must be distinctly understood that the association is not, and cannot be, responsible for any loss or delays of the mails. Mailing of the amount of premium is not payment. It must reach the home office on or before the date due, in order to prevent the policy from lapsing." This appeared in fine type, attached to the foot of the notice. It does not appear that the defendant gave any notice to the insured of this change in its requirement, or that it took any other steps to call the attention of the insured to the change in this regard. The plaintiff testifies that he had no notice of such change, and that it was not called to his attention until the trial of the action, and then by his attorney. No change was made in the manner or method of making the payments of premium after the change in the notice, and the defendant continued, as before, to receive an envelope directed in the same manner as had been used under the prior form of notice.

The question, therefore, which we are called upon to decide, is whether the plaintiff or the insured, in making the payments, was bound to take notice of the character of the change contained in its printed statement attached thereto. We think that the plaintiff was not conclusively bound, as matter of law, by the statements contained in such notice. On the contrary, we think that the question whether the defendant took such steps as were fairly calculated to apprise the insured, or the person making the payments, of the change contained in the statement, was one of fact for the court or a jury to determine. It is quite clear that it would be most unfair to the insured to permit him to make payment in reliance upon a course of business which the defendant had permitted, if not invited, and under which the insured was protected when he had placed the check in the envelope furnished by the defendant, paid the postage thereon, and deposited the same in the post office. If the defendant desired to change the system, and place the risk of safe transmission through the mail upon the insured, when he had theretofore relied upon its being good, it should in plain and unmistakable terms call the attention of the insured thereto, in order that he might have an opportunity to protect himself by making payment in another manner. It is matter of common knowledge that changes vital in character may be easily made by notice inserted by the defendant in its printed matter, and yet the same not be noticed by the insured, nor placed in such form as would be calculated to attract his attention. In the present case that part of the notice which called for the payment of premium was not changed from what it had theretofore been. At least, if there was change, it related to the amount of the assessment, and did·not embrace words showing any change in the manner of payment. The language which made the present change was simply an addition in the body of the printed matter, which had always appeared upon the premium notice; so that a person receiving this notice, so far as its general appearance is concerned, would find nothing about it that attracted his attention to the pregnant matter which the fine print contained, and under such circumstances might well assume that the notice was the same as that which had theretofore been sent out, and that no change was contemplated upon the part of the

defendant. That the question is one of fact, under such circumstances, has been decided. Van Bokkelen v. Association, 90 Hun, 330, 35 N. Y. Supp. 865. The failure of the mail to deliver the letter containing the check at the home office cannot avail to defeat the payment. When the letter, properly stamped, was deposited in the mail, payment was accomplished, under the circumstances of this case, and the delivery of the letter at the home office was thereafter at the risk of the defendant. Palmer v. Insurance Co., 84 N. Y. 63. In the present case the court has found that the deposit of the check, under the circumstances presented in the record, constituted a good payment of the premium. While it is true that the learned court based its decision to some extent upon the ground of waiver, yet this court is not concluded thereby. Having made a concise statement of the grounds of its decision, without stating separately the facts found and the conclusions of law, the whole question is before this court for determination (Code Civ. Proc. § 1022); and we see no reason why we should depart from the holding of the court that the payment was a good payment, based upon the ground that no notice of any change as to the effect of the payment by check was ever brought to the attention of the insured or of the plaintiff, and that the form in which the notice was given was not of such a character as was reasonably calculated to call attention to the vital change which it effected.

It was not suggested upon the trial that the check which was mailed was not a good check. The defendant stood solely upon the effect of the notice which it had given, and, consequently, cannot now be heard to raise any such question. Besides, the plaintiff at all times stood ready to make payment in money, which the defendant refused to receive.

We see no reason for disturbing the judgment of the trial court. It should, therefore, be affirmed, with costs. All concur.