WILLIAM E. GUILFOYLE, Respondent, *v.* THE NATIONAL LIFE ASSOCIATION, Appellant.

*Insurance — insufficient notice of a change in the method of paying premiums — right of the Appellate Division to base an affirmance on a different theory from that adopted by the trial court.*

Where the premiums upon a policy of life insurance have been paid by the beneficiary named therein by inclosing, with notices received by the insured from the company, checks in envelopes furnished by the company, directed to its home office, and the notices, stamped "paid," have been returned by the company to the insured, the deposit in the post office of such a check in payment of a premium, prior to the date when the payment becomes due, constitutes a good payment, even though it is not received at the home office until after the date when the premium became due.

After this course of procedure had continued for some time, the company attached at the foot of its notice for the payment of premiums, in addition to what it had previously contained, the following statement in fine type: "We enclose you an envelope directed to the company, for your convenience in case you remit by mail. But it must be distinctly understood that the association is not

and cannot be responsible for any loss or delays of the mails. Mailing of the amount of premium is not payment. It must reach the home office on or before the date due in order to prevent the policy from lapsing," but gave no further notice of such change to the beneficiary, whose attention was not called to this statement until the trial of an action brought to enforce payment of the policy. No change was made in the manner or method of making payments of the premiums after the change in the notice, the company continuing, as before, to receive an envelope directed in the same manner as had been usual under the prior form of notice.

*Held*, that the beneficiary was not conclusively bound, as matter of law, by the statements contained in such notice;

That a question of fact was presented whether the company took such steps as were fairly calculated to apprise the insured, or the person making the payments, of the change in the statement;

That if the company desired to change the system and place the risk of safe transmission through the mail upon the insured, it should, in plain and unmistakable terms, call the attention of the insured thereto, in order that he might have an opportunity to protect himself by making payment in another manner.

The fact that the trial court, which has made a concise statement of the grounds of its decision, without stating separately the facts found and the conclusions of law, has in such a case based its decision to some extent upon the ground of waiver, does not prevent the Appellate Division from basing its affirmance of the judgment upon the ground that no notice of any change as to the effect of payments by check was ever brought to the attention of the insured, or of the plaintiff, and that the form in which the notice was given was not of such a character as was reasonably calculated to call attention to the vital change which it effected.

APPEAL by the defendant, The National Life Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 23d day of July, 1898, upon the decision of the court rendered after a trial at the Westchester Special Term.

*Edwin D. Worcester, Jr.*, for the appellant.

*F. X. Donoghue*, for the respondent.

HATCH, J.:

This action is brought to recover upon a contract of insurance issued by the Mutual Benefit Life Association of America, and subsequently transferred to the defendant. The question presented by the appeal relates solely to the sufficiency of a payment of the premium due upon the policy prior to the death of the insured. It appeared in the evidence that the contract of insurance was issued

in 1884. After its assumption by the defendant it sent to the insured, pursuant to its contract, from time to time, notices of premiums due from the insured thereunder. It does not clearly appear in the testimony who paid the first premium, but for the most part the premiums were paid by the plaintiff who, with his sister, were the beneficiaries named in the policy; and she having assigned her interest to the plaintiff, he is now the sole beneficiary therein. After the plaintiff began to pay premiums, the usual course was for the insured to receive premium notices and deliver them to the son who, except in one or two instances when he paid by post office money order, inclosed the notices with a check in an envelope furnished by the defendant, directed to its home office in Hartford, Conn.; and thereafter the notices, stamped paid, were returned to the insured. The premium notice first sent out by the defendant provided that payment of premium should be made at the home office in Hartford, and pursuant to such notice it recognized payments made by check and sent through the mail. Under such a notice it has been held that payment by check deposited in the post office prior to the date when the premium was due, was a good payment, even though it was not received at the home office until after the date when the premium became due. (*Primeau* v. *Nat. Life Assn.*, 77 Hun, 418; affd., 144 N. Y. 716.) Some time after 1894, and as early as June 29, 1895, the defendant attached to its notice for the payment of premiums, in addition to what it had previously contained, the following statement: "We enclose you an envelope directed to the company, for your convenience in case you remit by mail. But it must be distinctly understood that the association is not and cannot be responsible for any loss or delays of the mails. Mailing of the amount of premium is not payment. It must reach the home office on or before the date due in order to prevent the policy from lapsing."

This appeared in fine type, attached to the foot of the notice. It does not appear that the defendant gave any notice to the insured of this change in its requirement, or that it took any other steps to call the attention of the insured to the change in this regard. The plaintiff testifies that he had no notice of such change, and that it was not called to his attention until the trial of the action, and

then by his attorney. No change was made in the manner or method of making the payments of premium after the change in the notice, and the defendant continued as before to receive an envelope directed in the same manner as had been used under the prior form of notice.

The question, therefore, which we are called upon to decide is whether the plaintiff or the insured in making the payments was bound to take notice of the character of the change contained in its printed statement attached thereto. We think that the plaintiff was not conclusively bound as matter of law by the statements contained in such notice. On the contrary, we think that the question whether the defendant took such steps as were fairly calculated to apprise the insured or the person making the payments of the change contained in the statement was one of fact for the court or a jury to determine. It is quite clear that it would be most unfair to the insured to permit him to make payment in reliance upon a course of business which the defendant had permitted, if not invited, and under which the insured was protected when he had placed the check in the envelope furnished by the defendant, paid the postage thereon and deposited the same in the post office. If the defendant desired to change the system and place the risk of safe transmission through the mail upon the insured when he had theretofore relied upon its being good, it should in plain and unmistakable terms call the attention of the insured thereto in order that he might have an opportunity to protect himself by making payment in another manner.

It is matter of common knowledge that changes vital in character may be easily made by notice inserted by the defendant in its printed matter, and yet the same not be noticed by the insured nor placed in such a position as would be calculated to attract his attention. In the present case, that part of the notice which called for the payment of premium was not changed from what it had theretofore been. At least if there was change it related to the amount of the assessment, and did not embrace words showing any change in the manner of payment. The language which made the present change was simply an addition in the body of the printed matter, which had always appeared upon the premium notice; so that a person receiving this notice, so far as its general appearance is concerned, would find nothing about it that attracted his attention to the pregnant

matter which the fine print contained, and under such circumstances might well assume that the notice was the same as that which had theretofore been sent out, and that no change was contemplated upon the part of the defendant. That the question is one of fact under such circumstances has been decided. (*Van Bokkelen* v. *Mass. Benefit Assn.*, 90 Hun, 330.) The failure of the mail to deliver the letter containing the check at the home office cannot avail to defeat the payment. When the letter, properly stamped, was deposited in the mail, payment was accomplished, under the circumstances of this case, and the delivery of the letter at the home office was thereafter at the risk of the defendant. (*Palmer* v. *Phœnix Mutual Life Ins. Co.*, 84 N. Y. 63.) In the present case the court has found that the deposit of the check under the circumstances presented in the record constituted a good payment of the premium. While it is true that the learned court based its decision to some extent upon the ground of waiver, yet this court is not concluded thereby. Having made a concise statement of the grounds of its decision, without stating separately the facts found and the conclusions of law, the whole question is before this court for determination (Code Civ. Proc. § 1022), and we see no reason why we should depart from the holding of the court that the payment was a good payment, based upon the ground that no notice of any change as to the effect of the payment by check was ever brought to the attention of the insured or of the plaintiff, and that the form in which the notice was given was not of such a character as was reasonably calculated to call attention to the vital change which it effected.

It was not suggested upon the trial that the check which was mailed was not a good check. The defendant stood solely upon the effect of the notice which it had given, and, consequently, cannot now be heard to raise any such question. Besides, the plaintiff, at all times, stood ready to make payment in money, which the defendant refused to receive.

We see no reason for disturbing the judgment of the trial court. It should, therefore, be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.