JOHN LEWIS SHOTTS *vs.* JOHN P. POE, Adm'r, *c. t. a.*
of LEWIS SHOTTS, and others.

## WILLS.

*Construction of Wills—Declaration of trust operating as a
qualification to absolute bequest—Inconsistent provisions in
Wills—Devise or bequest of property to "children" without
additional description—Who take under such a devise or
bequest.*

L. S. by his will, devised and bequeathed all his property, real and personal,
to his son, J. L. S., absolutely.

Subsequently the testator, by an instrument in the form of a conveyance or
declaration of trust, appointed the said J. L. S. trustee for certain personal
property, for the use of the *children* of said J. L. S., until they should arrive
at the age of eighteen years, and then the said property to go to said J. L. S.

On the death of the testator, both instruments were admitted to probate in the
Orphans' Court.

At the date of the declaration of trust recited and at the death of the testator,
J. L. S. had only two children, both infants of tender age.

Doubts were suggested as to the construction of the declaration of trust,
whether only the children *in esse* at the time of the testator's death were
meant, or children afterwards born.

A bill was accordingly filed, asking the Court of equity to construe the two
testamentary papers, and direct the distribution of the estate. The answer
to the bill insisted that the declaration of trust was void for uncertainty.
It was HELD :

1st. That there was no uncertainty or inconsistency in the instrument to affect
the validity of the trust declared.

2nd. The trust for the benefit of the children must be taken as a qualification
of, or an exception to, the preceding absolute bequest to the son of the
testator.

3rd. It may be regarded as incontrovertibly settled, in the construction of wills or testamentary papers, that an immediate gift to *children, simpliciter,* without additional description, means a gift to the children in existence at the death of the testator; provided there be children then in existence to take.

APPEAL from the Circuit Court for Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Charles Poe* and *Edgar H. Gans,* for appellant.

The appellant will contend :

1st. That there is a plain inconsistency between the two clauses of the will.

2nd. That such inconsistency is irreconcilable.

3rd. That under such circumstances the clause posterior in local position must prevail, and—

4th. If such clause prevails the will is void for uncertainty.

I. In the construction of a will it is a settled rule that the testator's intention is to be ascertained from the whole will, (effect being given to every word in it if possible) and not from the language of any particular clause or provision taken by itself. 1 *Redfield on Wills,* 464 ; *Iglehart vs. Kirwin,* 10 *Md.,* 559.

From this general rule it often happens that doubt is cast upon the intention of the testator by the repugnancy or contradiction between the several parts of his will *though each taken separately* is sufficiently definite and intelligible. 1 *Jarman,* 411.

In the first clause of this will, John Lewis Shotts is appointed trustee for his *children;* in the second clause the object of the testator's bounty is designated by the word *child.*

Here then is a plain repugnancy between the plural *children* and the singular *child*. The possible objection that the singular *child* is not in that clause of the will which bequeaths the property, but only in that which regulates the limitation over, is destroyed, by the use of the word *such*—"such child." The word which *such* qualifies is ordinarily identical in meaning with some preceding word. Indeed, when *such* is employed, the intention always is to repeat the preceding word, or one identical with it in meaning. The evident effect of the word "such" therefore, is to incorporate the word which it qualifies into the preceding clause—and if the words are not identical in meaning, it becomes a matter of doubt as to which of them is meant. There is the same inconsistency in this will as in one which devises property "to my nephews and nieces, John and Mary," when the testator has several nephews and nieces.

II. The inconsistency is irreconcilable, unless the word *child* is changed into *children*.

Independently of any rules of law it would seem clear that this change cannot be made. The word *children* is so different from the word child, its meaning was so well known to the testator, as appears from other clauses of the will, that it is impossible to conceive why he neglected to use it and substituted *child* in its place, unless he meant child instead of children.

The law upon the subject is remarkably stringent in its provisions.

"No word in a will can be rejected, and another substituted in its place without the clearest certainty that such was the intention of the testator. If a change is required to render the act rational and sensible, and there is no proof of want of these qualities, except the language of the will, and that is easily remedied by a slight change in the words, which may be readily and clearly shown to be what was intended, and in respect to which there is no

ground for difference of opinion or argument, it may be done by way of construction." 1 *Redfield on Wills*, 471.

Or, as expressed by Lord ELDON, "the safest course is to abide by the words, unless upon the whole will, there is something amounting almost to demonstration, that the plain meaning of the words is not the meaning of the testator." *Crooke vs. DeVandes*, 9 *Ves.*, 197–205; *Mellish vs. Mellish*, 4 *Ves.*, 50; *Gray vs. Pearson*, 6 *H. of L. Cas.*, 61 *N. S.;* 1 *Jarman*, 443.

A word is not, therefore, to be changed unless it can be shown, in such a way as to leave no room for argument or even difference of opinion, that such is the intention of the testator. By intention of the testator is meant only "his intention as expressed in his will, and this must be judged of exclusively by the words of the instrument, as applied to the subject-matter and surrounding circumstances." 1 *Redfield on Wills*, 433.

But if the words are clearly repugnant, how is it possible that from such repugnant provisions you can *demonstrate* an intention that one of them should be changed.

Upon referring to the authorities no case will be found in which such a change has been made. Changes are made—1st, where the word if retained makes the instrument senseless and irrational, as in *Doe vs. Gallini*, 5 *B. & Ad.*, 621. 2nd, where the words are such as are frequently misused in ordinary parlance, as "severally for respectively." 3rd, the word "or" is frequently changed into "and." 1 *Jarman*, 443.

These provisions therefore are irreconcilable.

III. In cases of repugnancy where the clauses cannot stand together and have effect, it has become an established rule that the clause which is posterior in local position shall prevail, the subsequent words being considered to denote a subsequent intention. 1 *Jarman on Wills*, 411; *Iglehart vs. Kirwin, Adm'r*, 10 *Md.*, 559; *Pue vs. Pue*, 1 *Md. Ch.*, 382; *Lee vs. Pindle*, 12 *G. & J.*, 288; *Boyle vs.*

*Parker*, 3 *Md. Ch.*, 42 ; *Constantine vs. Constantine*, 6 *Ves.*, 100.

IV. The devise therefore is a devise to John L. Shotts, in trust for his *child*.

To the validity of every disposition as well of personal as of real estate, it is requisite that there should be a definite subject and object; and uncertainty in either of these respects is fatal. *Trippe vs. Frazier*, 4 *H. & J.*, 446 ; 1 *Jarman on Wills*, 316.

A devise or bequest to a child of " A," who has several children is void for uncertainty because there is no definite object. 1 *Jarman on Wills*, 322 ; 1 *Redfield on Wills*, 685.

The decree should therefore be reversed, and the trust attempted to be created by the deed from Lewis Shotts to John L. Shotts, should be declared void for uncertainty.

*John P. Poe*, for appellee.

Alvey, J., delivered the opinion of the Court.

Lewis Shotts, by his will, dated 30th of June, 1869, devised and bequeathed to his son, John Lewis Shotts, all his property, real, personal and mixed, absolutely ; and appointed his son sole executor.   Afterwards, on the 12th of June, 1874, the testator, by an instrument in the form of a conveyance, or declaration of trust, set forth that, in consideration of the natural love and affection which he bore to the children of John Lewis Shotts, he did thereby appoint the said John Lewis Shotts trustee " for the following property for their use, and until they arrive to the age of eighteen years ; fifteen hundred dollars in Baltimore City Stock, and one note of Christian Wheisample, for five thousand dollars, to take effect at my death ; and when each child arrives at age, the said property to go to my son, John Lewis Shotts."

The testator died in August, 1875, and both instruments were admitted to probate in the Orphans' Court, as

testamentary papers. John Lewis Shotts, the son and devisee, had, at the date of the declaration of trust recited, and at the death of his father, only two children, both infants of tender age, and both of whom still survive; and, so far as the record discloses, they are the only two children of their father. John Lewis Shotts renounced the executorship, and John P. Poe was appointed administrator, with the will annexed; and he files the present bill, suggesting doubts and difficulties in the construction of the instrument of the 12th of June, 1874, and asks for a construction of the two papers, and direction as to the manner of distribution of the estate.

John Lewis Shotts, in his answer, admits the facts alleged in the bill, but insists that the trust declared in favor of his children, by the instrument of the 12th of June, 1874, is void for uncertainty; but he prays that the true meaning and construction of the instrument may be declared, and his rights in the premises determined.

1. As to the supposed uncertainty or inconsistency in the instrument, we can perceive none to affect the validity of the trust declared. The trust for the benefit of the children must be taken as a qualification of, or an exception to, the preceding absolute bequest to the son of the testator. And as each child attains the age of eighteen years, his or her part of the fund will cease to be held in trust, and will fall into the general fund for the benefit of the son, John Lewis Shotts, the general legatee. The age of eighteen, being the limit of the trust, must be taken to be the age upon which the fund was designed to go absolutely to John Lewis Shotts, the son.

2. The only other question is, whether the term "children," used in the declaration of trust, includes children of the son that may be born after the death of the testator? And upon this question there can be no doubt whatever. If there be any question that may be regarded as incontrovertibly settled, in the construction of wills or testa-

mentary papers, it is, that an immediate gift to children, *simpliciter*, without additional description, means a gift to the children in existence at the death of the testator; provided there be children then in existence to take. In *Powell on Devises, Vol.* 2, *p.* 302, the rule, as deduced from all the cases, is stated thus: "That an immediate gift to children, (*i. e.*, immediate in point of enjoyment,) whether of a person living or dead; and whether it be to the children simply, or to *all* the children; and whether there be a gift over or not, comprehends *the children living at the testator's death*, (if any,) *and those only;* notwithstanding some of the early cases, which make the time of the making the will the period of ascertaining the objects." To the same effect is the rule as stated by *Redfield on Wills, pt.* 2, *p.* 330; and in 1 *Roper on Legacies*, 48, 49; and the decided cases fully support the proposition thus laid down by the text writers. *Viner vs. Francis*, 2 *Cox*, 190; *Radcliffe vs. Buckley*, 10 *Ves.*, 195; *Davidson vs. Dallas*, 14 *Ves.*, 576; *De Witt vs. De Witt*, 11 *Sim.*, 41; *Mann vs. Thompson, Kay*, 638. And in this State, the late Chancellor JOHNSON fully adopted and applied this rule of construction, as being perfectly well settled, in the case of *Benson vs. Wright & Marfield*, 4 *Md. Ch. Dec.*, 278; and there is nothing in the case before us to exclude the application of the rule.

The decree of the Court below being in accordance with this view of the subject, it follows that it should be affirmed.

> *Decree affirmed, and*
> *cause remanded.*

(Decided February 20th, 1878.)