No. 2337.

Fannie L. Thomas *v.* J. W. Leake, Guardian,

1. Benefit Certificate.—As a general rule when a benefit certificate issues from a benefit society, the designation on the face of the certificate as to who shall be the beneficiary is conclusive on that subject.

2. Same — Who Are Beneficiaries.—A widower having four children applied to a Benevolent Association for membership, and in his application directed that in case of his death all benefits should be paid to his four children, whose names were given. He afterwards married and died, leaving one child by his last wife. The certificate that issued to him recited that the sum which would be due at his death should be paid " to his children." The object of the society was to establish a benevo· lent relief fund to protect families of deceased members, and to assist them in distress, and by the terms of its constitution the benefit money on the death of a member was payable "to his family or his heirs;" *held:*

(1) The right to take under the certificate must be determined by its language, and not from the terms used in the application for member ship.

(2) The certificate which on its face inured to the benefit of his *heirs*, extended the scope of the benefit, and by accepting it the member must be held to have approved its terms.

(3) The object of the society being benevolent, its consent that the benefit should exclude an infant born after membership, can not result from construction, but must appear in some clear and explicit way.

(4) The child born after the issuance of the benefit certificate was entitled to share in the benefit, equally with each of the four children named in the application.

Appeal from Grimes. Tried below before the Hon. W. E. Collard.

This suit was brought in September, 1885, by Leake, as guardian of the minors, Margaret, Hamp, Mary and Nannie Thomas, children of Hamp Thomas, Sr., against his widow, as guardian of his youngest child, Fannie Byrd Thomas, to recover one thousand dollars, paid to her for the benefit of her ward by the trustees of the American Benevolent Association.

Hamp Thomas, Sr., when a widower, on January 10, 1882, was admitted to membership in said association on his application in which he used this language: "I direct that all benefits from the association in case of my death be paid my children, names, M. E. Thomas, Hamp Thomas, M. S. and N. A. Thomas."

These were the four children then living.   He married again in
October, 1883, and of that marriage there was born to him Fannie
Byrd Thomas, the ward of the appellant.

On the death of Hamp Thomas, Sr., the benevolent association
paid over, on her application, to the surviving widow, one thous-
and dollars, being one-fifth of the benefit, as the share of appel-
lant's ward, the youngest child.  The certificate issued by the asso-
ciation to Hamp Thomas, deceased, on January 10, 1882, made its
benefits in case of his death, inure, not as applied for by Thomas,
to his four named children, but to "his children."

The case was submitted on an agreed statement of facts.
Judgment for the plaintiff, to correct which this appeal was
taken.

*Burnett & Hanscom,* for appellant, cited Revised Statutes, Ar-
ticle 4868; 2 Jarman on Wills, 5 American Edition, 704; Foster v.
Gill, 7 Northwestern Reporter, 557; Ballou v. Giles, 7 North-
western Reporter, 569; Splawn v. Chew, 60 Texas, 532; Richmond
v. Johnson, 10 Northwestern Reporter, 596; Kerman v. Howard,
23 Wisconsin, 108, and Felix v. Ancient Order of United Work-
men, 1 Pacific Reporter, 281.

*Boone & Cobbs,* for appellee, cited Splawn v. Chew, 60 Texas,
page 534;  May on Insurance (Life), 477, sections 392, 550;  Bliss
on Life Insurance, page 496, sections 318, 337, 339, 345, 346;
McCord v. Noyes, 3 Bradford, 139;  Succession of Kugler, 23
Louisiana Annual, 455; Continental Life Insurance Company,
v. Palmer, 42 Connecticut, page 60; 3 Otto, 30; 19 American Re-
ports, 530; 1 Jarman on Wills, 3 American Edition, 623; 17 Ala-
bama, Savage v. Benham, administrator, page 127; 4 Peck, 198;
1 Roper on Legacies, 389; Drake v. Stone et al., 58 Alabama, 135.

WILLIE, CHIEF JUSTICE.   The general rule as to life policies of
insurance is, if the policy expressly designates the persons who
are to receive the insurance money, it is conclusive upon that
question.  (Bliss on Life Insurance, sec. 317.)   The same general
rule must apply to certificates issued by a benefit society, and
we do not understand this to be disputed in the present case.
There are, of course, some exceptions to this rule, both as to
policies of insurance and benefit certificates.   None of these,
however, need be considered, the only question in this case being

as to what persons are designated as beneficiaries in the certificate.

Upon its face, the benefit money is made payable to the children of Hamp Thomas. If this were an ordinary policy of insurance, it would include as well a child born to him after the issuance of the policy as those in existence before that time. (Ricker v. Charter Oak Ins. Co., 27 Minn., 93.) This, too, is a well settled principle in reference to wills which take effect upon the death of the testator, and are treated as speaking from that time. (2 Redfield on Wills, 10–12; Schotts v. Poe, 47 Md., 513; 2 Jarman on Wills, 156; Davidson v. Dallas, 14 Vesey, 576.)

A benefit certificate takes effect, so far as to vest in the beneficiaries an absolute right to the benefit money, at the death of the party to whom it is issued, and hence the same rule should hold as to them which prevails as to wills and life policies of insurance. The application for the certificate in question requests that the benefit money be paid to the children of the applicant, naming them, the certificate issued to "his children," without naming them. Under the construction which we have shown the law gives to the term "children," as used in the certificate, it does not mean certain named children then in existence, but these together with such as may thereafter be born to the applicant.

It is clear, therefore, that if the application does not limit the meaning of the term children, found in the certificate, each does not refer to precisely the same beneficiaries—in other words, the application does not necessarily include all the parties embraced in the certificate. The case presented would be that of an application for a certificate for the benefit of certain named parties, and the issuance of a certificate for the benefit, not only of these, but of other beneficiaries also.

What would be the effect of such a transaction? The applicant would not be bound to accept it, but if he did, the beneficiaries would be those designated in the certificate, and not those named in the application. It would be a case where a proposition for a contract was made by one party to another, which was accepted in a materially modified form. The party proposing would not be bound to accede to the altered contract, but if he did, it would be binding upon him according to its modified terms. Thomas did accept a certificate different from that for which he applied, and it would seem that the effect of the contract was to entitle all of his children to participate in the relief

fund upon his death, and not those only who were alive at the time the certificate was issued.

But the appellee contends that we must construe the application as explanatory of the certificate, and must modify the legal sense of the word children so as to make the application and the certificate harmonize with each other. That Thomas having applied for a certificate for the benefit of all his children then in existence, and the society having issued him a certificate for the benefit of "his children," we must conclude that the certificate was intended to accord with the application, and this would exclude any child born to the applicant in the future.

There would be some force in this suggestion, if we are to look to the application and the certificate as alone constituting the contract between the parties. But in all cases of contracts formed by reason of obtaining membership in a mutual aid society, its constitution and by-laws enter into the contract, and it must be read in the light afforded by these in order to arrive at a true construction of its terms. (Splann v. Chew, 60 Texas, 534.)

Article 2, section 3, of the constitution of this society, states that one of its objects is "to establish a benevolent and relief fund for the protection of the families of deceased members, and to assist them in distress and in sickness." Article 3, section 11, makes the benefit money payable on the death of a member to "his family or his heirs." By-law number seven is to the same effect. These, and other provisions of these instruments, show conclusively that one of the main objects of the society is to confer its benefits upon the entire family of a member, and not to restrict them to a portion to the exclusion of the remainder. There are no provisions, such as are found in the laws of similar institutions, allowing an applicant to designate the persons to whom the benefit money is to be paid, or to change them at his pleasure.

It may be that a member, with the express consent of the society, could direct his benefit money to be paid to a portion of his family to the exclusion of the remainder, but the consent of the society would have to appear in some clear and unmistakable way. It would not appear from doubtful words, much less from those whose legal construction would evidence a dissent from the member's request, and issuance of a certificate more in accord with the spirit and intention of the constitution and by-laws of the society. This is the state of the case we have under decision, and we can not say that the trustees who signed a certifi-

cate which, on its face, made all the children of Thomas, no matter whether then in existence or not, the beneficiaries of the money to fall due upon the death of the applicant, intended to restrict it to a favored portion of the family. The true construction of the whole transaction seems to be that Thomas applied for a certificate not in accordance with the spirit and design of the order. If his family remained as at the time it was applied for, it would inure to the benefit of all the parties protected by the society. If other children should be born they would receive no benefit therefrom. The trustees guarded against this by so wording the certificate as to bring within the beneficent provisions of the order all of the children who were entitled to relief under its laws upon the death of the applicant. They certainly did not use language which, in its ordinary as well as in its legal sense, would carry out the principles of the order, for the purpose of violating these principles, and that, too, at the solicitation of a member who had no right to force the benefit money to go to a portion of his children to the exclusion of the balance.

We think the certificate on its face includes after born children, and that it is more in consonance with the spirit and intention of the constitution of the society to so construe it than to exclude from its benefits the after born children of the applicant.

We are of opinion, therefore, that the court below erred in rendering judgment for the appellee, and the judgment will be reversed and rendered here for the appellant.

*Reversed and rendered.*

Opinion delivered March 8, 1887.