GEORGE H. SCHMITT v. NEW BRAUNFELSER UNTERSTUETZUNGS VEREIN.

Decided March 25, 1903.

**Benefit Society—Change of Beneficiary—Custom—Notice.**

An unincorporated mutual benefit society had no provision in its constitution or by-laws for making a change in the beneficiary originally secured by its certificate; but it had been the custom since its organization to permit a member to make such change by indorsement on the application. A wife taking insurance for the benefit of her husband, after divorce, so changed the benefit to her brothers and sisters without the consent of the original beneficiary. Held, that, in the absence of evidence that the custom was or was not known to the husband and wife when the benefit was secured, it might be presumed that it was known and that the parties contracted with a view to it, and the divorced husband could not recover the benefit on her death.

Appeal from the District Court of Comal. Tried below before Hon. L. W. Moore.

George H. Schmitt brought the suit against the New Braunfelser Unterstuetzungs Verein, but was denied a recovery, and appealed.

*J. D. Guinn,* for appellant.

*Aug. E. Altgelt,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellee is an incorporated mutual benefit society, organized in 1876, for the purpose of collecting by assessments on the death of a member, a sum not to exceed $1000, and paying it to the beneficiary named in the certificate of such deceased member.

Elise Schmitt became a member of the society in 1884. In her application for membership her husband, the appellant, was named as beneficiary. She died October 10, 1900, and the society paid the sum of $1000 to her brothers and sisters, who had subsequently been designated by her as beneficiaries in lieu of her husband. Appellant thereupon brought this suit to recover the benefit fund, upon the theory that the insured had no right to change the beneficiary.

The district judge filed the following findings of fact:

"1. The defendant association is a voluntary association under articles of agreement and its by-laws, without any charter or incorporation.

"2. The plaintiff and Mrs. Elisabeth Schmitt were husband and wife in 1884. She filed her application to become a member of said association, designating plaintiff as beneficiary at that time, which was duly accepted and she became a member thereof. She died October, 1900. The by laws of the association are wholly silent as to any member making any designation of a beneficiary. The custom prevailing with the association from its organization was to permit its members to make their designation by indorsement upon the application at any time, and to permit the member to change this designation at any time by a like indorsement upon the application.

"3. The plaintiff and Mrs. Schmitt separated in 1891 or 1892, under articles of agreement, and divided their property, and continued to live so separated till her death, he moving out of the State.

"4. In 1893 she designated her brothers and sisters as her beneficiaries under her benefit certificate by indorsement thereon.

"5. The by-laws provided that upon the death of a member the money collected to pay off any benefit certificate should be held for the heirs of the deceased member."

The court concluded from these facts that the appellant had no vested right to the benefit by reason of his original designation as beneficiary, but that the same was under the control of Mrs. Schmitt, and her subsequent designation of her brothers and sisters as beneficiaries entitled them to the fund, and awarded judgment for defendants.

The principal question involved is the right of the insured under these circumstances to change the beneficiary originally named in the application, and to designate different persons as beneficiaries. It is pretty well settled in our State that in an ordinary policy of life insurance, the beneficiary acquires a vested right upon the issuance of the policy which can not be divested by the insured without his consent. Irwin v. Insurance Co., 16 Texas Civ. App., 683, and cases cited. There is much difference of opinion as to whether the same rule applies to insurance in a mutual benefit society. There are authorities of some weight which maintain, that, by reason of the very nature of such organizations, the insured retains complete control over the certificate, and may change the beneficiary whenever he chooses. Niblock, Ben. Soc. and Acc. Ins., sec. 212, and cases cited. Our courts have not yet indicated their support of this doctrine.

The only cases which we have examined bearing upon the subject are those in which, either in the benefit certificate itself or in the by-laws of the organization, the right to change the beneficiary was expressly provided for. Splawn v. Chew, 60 Texas, 532; Byrne v. Casey, 70 Texas, 247. These and other decisions clearly establish the rule, that, in such case, the by-laws of the society become a part of the contract and will prevail, even over the designation of a beneficiary in the application. Thomas v. Leake, 67 Texas, 469.

The inquiry at last is as to the understanding of the parties at the time the contract was executed. In this case, no certificate was actually issued, the application and its acceptance constituting the only evidence of the contract. This application and the by-laws of the society were entirely silent as to the right of the insured to change the beneficiary.

There was evidence, however, which we have concluded was sufficient to sustain the finding of the court that from its organization there had been an established, universal usage in the society by which a member was permitted, at any time, to change the beneficiary originally named in the application. We are well satisfied that if it had been shown that at the time of her application Mrs. Schmitt had been expressly notified of this usage, she would be held to have contracted with reference to it. There is no evidence in the record aside from that afforded by the existence of the usage itself, that either she or her husband had knowledge of this practice. Appellant, however, who testified in the case, did not testify that he did not know of it, and the act of the wife in changing the beneficiaries would indicate that she understood she had a right to do so.

Proof of usage will not, of course, be permitted to overthrow the express provisions of a contract, but it is frequently resorted to for the purpose of ascertaining the intention of the parties, not only in cases where the contract is ambiguous, but also with reference to matters upon which the contract itself is silent. In such cases the usage, if known to the parties, will constitute a part of the contract; and not only so, but if the usage is shown to have been long established and universal in its

application, it affords presumptive evidence that the parties knew of its existence. Such presumption is not necessarily conclusive; but, under the circumstances of this case, we have decided that it was at least sufficient to authorize the court in concluding that it was known to the parties, and that they contracted with reference to it. Clarke's Brown on Usages and Customs, chap. 4; 10 Law. Rep. Ann., 785, note.

We therefore conclude that there was no error in the judgment, and it is affirmed.

*Affirmed.*