### SCOTT v. AMERICAN NAT. INS. CO.
(No. 544-4284.)

(Commission of Appeals of Texas, Section B. Oct. 28, 1925.)

1. **Courts ☞247(8)—Decision of Court of Civil Appeals held not to render statute invalid, in that it holds estate of deceased person may be administered without control of probate court.**

Decision of Court of Civil Appeals that an insurance policy, designating insured's wife as beneficiary, and providing that insurer might pay amount due under policy to either beneficiary or to any other person appearing to be equitably entitled thereto by having incurred expense on behalf of insured for his burial, authorized payment to mother of insured for expenses incurred on behalf of insured for his burial, held not to render invalid Vernon's Sayles' Ann. Civ. St. 1914, art. 3206, in that it holds the estate of a deceased person may be administered without control of probate court.

2. **Contracts ☞127(3)—Insurance policy held not invalid as ousting jurisdiction of probate court over estate of deceased person.**

Insurance policy designating insured's wife as beneficiary, and providing that insurer might pay amount due under policy to either beneficiary or any other person appearing to be equitably entitled thereto by having incurred expenses on behalf of insured for his burial, held not invalid in that it ousts jurisdiction of probate court over estate of a deceased person, contrary to Vernon's Sayles' Ann. Civ. St. 1914, art. 3206.

3. **Courts ☞247(8)—Decision of Court of Civil Appeals held not to render statute invalid, in that it permits separate property of a widow to be taken for payment of debts of her deceased husband.**

Decision of Court of Civil Appeals that an insurance policy designating insured's wife as beneficiary, and providing that insurer might pay amount due under policy to either beneficiary or to any other person appearing to be equitably entitled thereto by having incurred expense on behalf of insured for his burial, authorized payment to mother of insured for expenses incurred on behalf of insured for his burial, held not to render invalid Vernon's Sayles' Ann. Civ. St. 1914, art. 4621, in that it permits separate property of a widow to be

taken for payment of debts of her deceased husband.

**4. Insurance ⚮==583(2)—Insurance policy not invalid as permitting separate property of widow to be taken for payment of debts of deceased husband.**

An insurance policy, designating insured's wife as beneficiary, and providing that insurer might pay amount due under policy to either beneficiary or to any other person equitably entitled thereto by having incurred expenses on behalf of insured for his burial, *held,* not invalid in that it permits separate property of a widow to be taken for payment of debts of her deceased husband under Vernon's Sayles' Ann. Civ. St. 1914, art. 4621.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Julia Scott against the American National Insurance Company. Judgment for plaintiff reversed (257 S. W. 934), and plaintiff brings error. Affirmed.

Newton & Woods, of San Antonio, for plaintiff in error.

Carl & Swearingen and O. M. Powell, all of San Antonio, for defendant in error.·

SPEER, J. Julia Scott, surviving wife of Francisco Scott, sued American National Insurance Company to recover the proceeds of a policy written upon the life of Francisco, and recovered in the district court. Upon appeal, the Court of Civil Appeals reversed and rendered the judgment in favor of the insurance company. 257 S. W. 934.

The petition for writ of error, through which we have taken jurisdiction, presents only two questions: First, it is contended that the judgment of the Court of Civil Appeals renders invalid article 3206 of Vernon's Sayles' Civil Statutes, in that it holds the estate of a deceased person may be administered without the control and supervision of the probate court. Second, it is contended that the judgment of the Court of Civil Appeals ·invalidates article 4621 of Vernon's Sayles' Civil Statutes, in that it per-. mits the separate property of a widow to be taken for the payment of the debts of her deceased husband.

The policy under review belongs to a class sometimes denominated industrial insurance, due mainly to the fact that it' is written in consideration of a small weekly premium, for a small amount, upon the life of one in impecunious circumstances, usually of the laboring class. The policy delivered to· Francisco Scott contained the following:

American National Insurance Company "doth further agree, subject to the conditions aforesaid, if the insured shall die prior to the date of the maturity of the endowment, to pay upon receipt of proofs of the death of the insured made in the manner, to the extent, and upon the blanks required herein, and upon surrender of

this policy and all receipt books, the amount stipulated· in said schedule ($355). provided, however, that no obligation is assumed by the company prior to the date hereof nor unless on said date the insured is alive and in sound health. In case of such prior death of the insured, the company may pay the amount due under this policy to either the beneficiary named in the said schedule, or to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims un der· this policy have been satisfied."

In the schedule referred to in the above quotation from the original policy, Alvina Sanches, mother of the insured, was named as beneficiary. The policy provided for a change of beneficiary, and the plaintiff produced the company's certificate bearing the indorsement, "Beneficiary under this policy is changed to Julia Scott, Wife. W. J. Shaw, Secretary."

[1, 2] Exercising what it claimed to be its right under the policy, the company paid the proceeds thereof to Alvina Sanches, the mother, and to her order, in part for the funeral expenses of Francisco. Neither the judgment of the Court of Civil Appeals nor the policy itself is subject to the criticism that it ousts. or in any way interferes with the jurisdiction of the probate court under article 3206 of the statute. This statute is in nowise involved in the controversy. If the policy be treated as naming a beneficiary, then clearly the proceeds thereof upon the death of the insured would belong to the beneficiary and would constitute no part of the estate of the deceased for administration. Thomas v. Leake, 67 Tex. 469, 3 S. W. 703. If the policy be construed as· being payable to the persons therein named for the benefit of the estate of the deceased, such an arrangement still does not oust the jurisdiction of the probate court to administer the fund, for the court still would have the power, and it would be its duty in a proper case, to grant letters of administration and impound the fund to whomsoever paid.

[3, 4] Neither does the judgment nor the policy contravene the separate property statute referred to. If by the terms of the contract the proceeds of the policy upon the death of Francisco became the property of his surviving wife, Julia, such title would not be the separate property of a married woman within the meaning of that article, since, of course, upon the death of Francisco, Julia was no longer a married woman and necessarily, even though the title to the proceeds vested in her individually it would not be perforce of the terms of that article. Neither article of the statute referred to by plaintiff in error is in anywise involved in

the decision of the Court of Civil Appeals. This disposes of every question presented by the petition for writ of error, and exhausts our jurisdiction to decide issues determined by the Court of Civil Appeals.

We, therefore, recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.