**FORT WORTH MUT. BENEV. ASS'N OF TEXAS v. AKIN.** (No. 3577.)

Court of Civil Appeals of Texas. Texarkana.
Aug. 2, 1928.

Thompson & McWhirter, of Greenville, for appellant.

Hall, Scott, Casey & Hall and Chas. E. Carter, all of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). By the terms of the policies (it will be seen on referring to the statement above) a failure of Akin to pay an assessment within ten days from the date of the call therefor, or to pay annual dues on or before October 1 of each year, operated to forfeit all claims based on his membership in the appellant association. Appellant insists it appeared that Akin failed, before he died October 31, 1926, to pay an assessment, amounting to $6.60, he was called upon October 1 to pay October 15, 1926, and failed to pay annual dues, amounting to $4, which he should have paid October 1, 1926, and that it therefore further appeared that Akin at the time of his death stood suspended as a member of the association, and that for that reason appellee was not entitled to recover anything on account of the policies. The facts with reference to that phase of the case, the trial court had a right to say from the evidence, were as follows: The transactions between appellant and Akin after the policies were issued in 1923 were through the mails. By a card dated October 1, mailed at Greenville October 8, 1926, appellant, acting by Conley K. Stevens, its secretary called upon Akin to pay assessments due October 15, 1926, amounting to $6.60 and the November, 1926, semiannual dues, amounting to $4. By a letter dated October 30, mailed at Greenville at 11 a. m., October 31, 1926, appellant notified Akin that he stood suspended "as of this date," and by a letter dated November 3, 1926, notified him the "policies were suspended November 2." Akin's daughter inclosed the card dated October 1, above referred to, and her check for $10.60, in an envelope addressed to appellant at Greenville, which she deposited in the post office at Marshall at a time between 8 and 9 o'clock p. m. of Saturday, October 30, 1926. As admitted in evidence at the trial the check referred to was indorsed as follows:

"Conley K. Stevens. Pay to the order of the First National Bank 88-188 Mortuary Fund. Ft. Worth Mutual Benevolent Ass'n, Dallas-Greenville Division."

November 9, 1926, the check was cashed by the bank in Marshall on which it was drawn, and appellant retained the proceeds thereof until the trial of this case December 10, 1927, when it tendered the amount of such proceeds to appellee.

It will be noted that according to appellant's letter dated October 30 Akin stood suspended "as of that date," while according to appellant's letter dated November 3 he was suspended November 2. If he was not suspended until November 2, he was in good standing as a member when his daughter deposited the $10.60 check in the mails at Marshall October 30 and when he died October 31, 1926. If payment of the assessment and dues should be treated as having been made when the check covering same was deposited in the mails as stated, as appellee contends it should be, the suspension of Akin, if it occurred November 2, was unauthorized and therefore void. There is authority supporting appellee's contention (McCluskey v. National Life Ass'n, 77 Hun, 556, 28 N. Y. S. 931; Kenyon v. National Life Ass'n of Hartford, 39 App. Div. 276, 57 N. Y S. 60; Guilfoyle v. National Life Ass'n, 36 App. Div. 343, 55 N. Y. S. 236; Hartford Life & Annuity Ins. Co. v. Eastman, 54 Neb. 90, 74 N. W. 394; Travelers' Ins. Co. v. Brown, 138 Ala. 526, 35 So. 463; Illinois Life Ins. Co. v McKay, 6 Ga. App. 285, 64 S. E. 1131; Mutual Reserve Fund Life Ass'n v. Tuchfeld [C. C. A.] 159 F. 833; Union Cent. Life Ins. Co. v. Duvall [Ky.] 46 S. W. 518; Travelers' Protective Ass'n of America v. Roth [Tex. Civ. App.] 108 S. W. 1039), and we think it should be sustained; especially so in view of the fact that appellant received the check not later than November 3, cashed it November 9, which was after it learned of Akin's death, and always thereafter retained the proceeds. Equitable Life Assurance Society v Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W 625; Dunken v Ætna Life Ins. Co. (Tex. Civ. App.) 221 S. W 691; 3 Joyce on Insurance, § 1374. We conclude that the finding of the trial court that the policies were not forfeited at the time Akin died was not unwarranted by the law and evidence.

Another contention presented in appellant's brief is that if appellant was liable at all on the policies it was for a sum not exceeding $250 on one of them and $300 on the other.

As supporting the contention appellant calls attention to the stipulation in the policies that it should not be bound to pay the beneficiary named therein more than $1 "for each member (quoting) in good standing at the time of his or her death", to the fact that the policies were designated as "Class A-21" and "Class B-22," respectively, and purported to have been issued out of appellant's Greenville division; and to testimony of appellant's secretary, Stevens, that the Greenville division was "recognized as a separate and distinct division"; that Class A—21 in that division had a membership of between 250 and 300, and Class B-22 a membership of between 250 and 275; and that so far as he (the witness) knew, none of appellant's other divisions had classes designated "A-21" and "B-22."

It appeared in connection with the statement in the policies that they were "out of the Greenville division"; that the division was "for zoning purposes," but what that meant was not shown, nor was there any evidence showing what constituted a division, nor the significance, if any, of the fact that policies were divided into classes.

It will be noted the stipulation in the policies referred to was to pay appellee $1 for "each member in good standing at the time of Akin's death," without definitely indicating whether "member of the association" or "member of the class" was meant. The provision in the policies suggesting that "member of the association" was not meant is that binding Akin to pay only assessments levied "upon the death (quoting) of any member in this class." The question is, does that provision require the policies to be construed as entitling appellee to receive only $1 for each holder of a policy in Classes A–21 and B–22? We think the answer should be in the affirmative. Akin's liability being limited as stated, it is not reasonable to suppose it was intended that appellant's liability to the beneficiary in the policies was not correspondingly limited, and that its undertaking was to pay appellee $1 for each member in said classes, and not $1 for each of its members (not exceeding 1,500) without reference to classes. It appearing from the testimony that the membership of Classes A—21 and B—22 may have been as many as 575, the judgment will be so reformed as to adjudge a recovery by appellee of $575 instead of $3,000, and, as so reformed (other contentions by appellant being overruled), will be affirmed.