## MUTUAL PROTECTIVE ASS'N OF TEXAS v. WOODS.

### No. 1067.

Court of Civil Appeals of Texas. Eastland.

Feb. 10, 1933.

Rehearing Denied March 17, 1933.

G. R. Lipscomb, of Fort Worth, for plaintiff in error.

J. W. Birdwell and Bouldin & Zivley, all of Mineral Wells, for defendant in error.

LESLIE, Justice.

This is a suit by Pearl Woods, a feme sole, against the Mutual Protective Association of Texas, on an insurance certificate. Judgment for $1,000, the maximum recoverable under the certificate, was awarded the plaintiff, and the defendant appeals. The parties will be referred to as in the trial court.

Under six propositions of law, the defendant contends the judgment is erroneous.

The plaintiff, Pearl Woods, is the granddaughter of the deceased, J. M. Jones, and the beneficiary under the certificate which obligated the association, under a specified plan, to pay the plaintiff, upon the death of Jones, the sum of $1 for each member in class No. 2, Comanche Branch of the Association, who responded to an assessment upon said death, not to exceed $1,000. The plaintiff alleged the death of Jones, the maturity of the claim, and that the association had failed and refused to levy the assessment required by the certificate and deliver to her the funds derived therefrom. Based upon this alleged failure to make the assessment, etc., the plaintiff contends that she is entitled to a recovery against the association for damages in the sum of $1,000.

The defendant denied liability, and, in the alternative, sought to limit its liability, if any, to the sum of $67, alleged to have been the sole amount derived from an assessment made upon those who should contribute to the beneficiary upon the contingency of Jones' death. This limitation of liability was based on the ground that the constitution and by-laws of the association, referred to and made a part of the certificate, provided that the officers of the association, in the event of excessive death claims in the class to which Jones belonged, had the right to subdivide the class and to assign to the subdivisions thus created the duty of paying for an equal number of the death claims, and that the amount paid by such subdivision should be a full and complete discharge of the liability of the association, under the certificate, that, under such circumstances, the membership had been so divided, and that the assessment netted the sum of $67, which had been tendered to the plaintiff as the full amount due under the certificate. By supplemental petition the plaintiff contested the defendant's asserted right to limit its liability, as above set out, further asserting that, upon the death of the said Jones, the beneficiary's right became vested, and that the association had no authority to subdivide the membership of the class to which the defendant belonged after his death; also that such provisions in the constitution and by-laws were in conflict with the provisions in the certificate entitling the beneficiary to $1 per member obtained by assessment, etc.

We overrule the defendant's contention to the effect that the officers of the association had the right, after Jones' death, October 28, 1930, to divide, on February 5, 1931, the group or class to which the deceased belonged at his death into eleven distinct classes and assign to each such subdivision its pro rata share of the death claims then chargeable (February 5th) to the original (class No. 2) as a single group. Upon the death of Jones, the beneficiary's interest in the insurance attached became vested and unalterable. Coleman v. Anderson, 98 Tex. 570, 86 S. W. 730; Thomas v. Leake, 67 Tex. 469, 3 S. W. 703; Wirtz v. Sovereign Camp, W. O. W., 114 Tex. 471, 268 S. W. 438; Richardson v. Faithful (Tex. Civ. App.) 289 S. W. 1054; Supreme Home, A. O. P., v. Price (Tex. Civ. App.) 274 S. W. 1019; Id. (Tex. Com. App.) 285 S. W. 310; Supreme Lodge v. Price, 27 Cal. App. 607, 150 P. 803 (3); Ryan v. Boston, etc., Mut. Benev. Ass'n, 222 Mass. 237, 110 N. E. 281, L. R. A. 1916C, 1130; Fink v. Fink, 171 N. Y. 616, 64 N. E. 506; 45 C. J. p. 166, § 134; 6 Tex. Jur. p. 491, § 103. In other words, after the death of Jones, the officers of the association were without authority to divide his class into eleven subdivisions and meet the obligations of the certificate in suit by an assessment on one-eleventh of the class.

We now come to a consideration of those propositions challenging the correctness of the judgment, in that the trial court granted a recovery for the maximum amount

obtainable under the insurance certificate instead of limiting the same to such an amount as was collectible under the plan of assessment provided in the certificate. We do not think there is any error in this respect. The defendant is a mutual insurance association on the assessment plan. The plaintiff made a prima facie showing of her right to a recovery of the maximum amount specified in the insurance certificate, and it conclusively appears from the record that the association, without justification or lawful excuse, failed and refused to make, within a reasonable time, an assessment upon the membership of class 2, to which the deceased belonged at his death, and tender such amount to the plaintiff in satisfaction of the obligations of the certificate. If there was anything lacking to fix any other sum as the proper amount for which the judgment should have been rendered, it is chargeable to the default of the association and its officers, and not to the plaintiff. It would have been an easy matter for the association to have made the assessment and therefore the proof necessary to fix such amount of the judgment, and, having failed to do so, the court correctly entered a judgment for the plaintiff in the possible maximum amount warranted by the certificate. The correct amount due upon such a certificate being easily ascertainable by the association, and the knowledge of such amount being peculiarly within its possession, the rule has been adopted which relieves the plaintiff from making proof of the amount which could be collected by an assessment, placing that burden upon the association, as held by this court in Sweetwater Progressive, etc., Ass'n v. Allison, 22 S.W. (2d) 1107, and authorities therein cited, to which we add Amarillo Mut. Benev. Ass'n v. Franklin (Tex. Com. App.) 50 S.W.(2d) 264; Texas Mutual Life Ins. Ass'n v. Wilson (Tex. Civ. App.) 19 S.W.(2d) 591; Ft. Worth Mutual Benev. Ass'n v. Haney (Tex. Civ. App.) 17 S.W.(2d) 104; American Citizens' Labor & Protective Inst. v. Bandy (Tex. Civ. App.) 2 S.W.(2d) 977. Further, defendant in its answer nowhere alleges there were fewer than one thousand members in "class 2," to which Jones belonged at his death, nor does it allege that an assessment on his class would have yielded less than the maximum of the certificate.

■■ The defendant makes another contention that the judgment is unauthorized by the contract, the terms of which specifically exempt the association from all manner of liability. In brief, the contention is that the terms of the contract forbid any character of judgment "against the association." The purpose of such stipulation is obvious, but there is found in the contract another provision at variance with the one defendant relies upon, and it is somewhat more equitable in its nature. It is to the effect "that this certificate shall only bind said association to pay Miss Pearl Woods * * * beneficiary, the sum of $1.00 for each member of this group who contributes to the settlement of this claim, such amount not to exceed $1,000.00." If it be conceded that these provisions are at variance with each other in their legal import on the question of the association's liability under the contract, then the rules of construction require that the contract, and especially said provisions, should be so interpreted as to make the contract mean something in the interest of the insured who paid for the supposed protection. That is, the construction should be adopted which would be most favorable to the insured, especially so, since the evidence discloses that it has not made the assessment provided for in the certificate upon group No. 2, to which the deceased belonged.

In 32 C. J. p. 1154, the rule to be applied in cases where the provisions of an insurance contract are obscure and of doubtful meaning is thus stated: "* * * It has been frequently held in cases in which the question arose that all ambiguities and obscurities in the language of a contract of insurance, and all doubts and uncertainties as to its meaning or construction, are to be resolved against the company and in favor of insured; that, where the policy is so drawn as to require construction, it will be construed in favor of insured; that the policy will be so construed as to permit a recovery by insured where it is fairly susceptible of such a construction, and that, where two interpretations equally fair may be made, that which allows a greater indemnity will prevail."

Multitudes of cases are cited from practically all jurisdictions supporting the rule as stated, among them many Texas cases. One of them, Missouri State Life Insurance Co. v. Hearne (Tex. Civ. App.) 226 S. W. 789, 794, quotes from our Supreme Court in Goddard v. Insurance Co., 67 Tex. 69, 1 S. W. 906, 60 Am. Rep. 1, the well-settled general rule "that the language of the policy being the language of the underwriters, if susceptible of two interpretations that must be adopted which will sustain the claim of the assured, and give him the indemnity it was his object to secure." Hence, if the language of the certificate in the instant case be said to contain doubtful or equivocal provisions upon the question of the association's liability, then we are of the opinion that the facts disclosed by the record require the application of the above rule, which no doubt was applied by the learned trial court. See Supreme Home, A. O. P. v. Price, supra.

■■ The sixth proposition challenges the genuineness of J. M. Jones' signature to the application for insurance. There would seem to be some testimony to support the

trial court's conclusion on this issue, and, further, the defendant did not tender back the membership fees, etc., in its effort to avoid liability. Also, the plaintiff, having made a prima facie showing of a right to recover, the same is not refuted merely by the fact, if it be one, that the deceased did not sign the application. If he directed his signature to be attached by the agent of the association or any other person, it would be sufficient. Neither does the proposition raise the question that the answers in the application were not made by the deceased. The attack is specifically directed to the genuineness of the signature.

The foregoing conclusions necessarily overrule the major propositions upon which the appeal is predicated. The remaining ones, if not overruled, become immaterial. In fact, some of them relate to the sufficiency of testimony on certain issues. In such cases we think the judgment of the trial court amply supported by the evidence.

There is much confusion in the defendant's testimony, and it runs through the development of its entire defense. The confusion relates to the class or subclass in which it alleges the deceased, Jones, was insured as a member of the association. However, there is no uncertainty in the plaintiff's theory of recovery, for the suit is instituted upon a certificate of insurance designating said Jones as a member of class No. 2. The certificate is definite in this respect, and plaintiff's testimony throughout is consistent and warrants the judgment rendered.

For the reasons assigned, the judgment of the trial court is affirmed.