MUTUAL PROTECTIVE ASSOCIATION OF TEXAS
v. PEARL WOODS.

No. 6504. Decided June 10, 1936.
Rehearing overruled July 22, 1936.
(94 S. W., 2d Series, 1149.)

*G. R. Lipscomb,* of Fort Worth, for plaintiff in error.

The offer to perform all of the terms of a contract, is a bar to recovery of damages for non performance, where the status of the parties have not been altered in such way as to prevent performance. Logan v. Texas Mutual Life Ins. Assn., 121 Texas, 603, 51 S. W. (2d) 288, 53 S. W. (2d) 299; Fort Worth Mutual Assn. v. Haney, 17 S. W. (2d) 105; Colley's Briefs on Insurance, Vol. 2, p. 1362.

*J. W. Birdwell, Bouldin & Bouldin* and *Victor W. Bouldin,* all of Mineral Wells, for defendant in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

From a judgment in favor of Pearl Woods against plaintiff in error, affirmed by the Court of Civil Appeals at Eastland, 57 S. W. (2d) 918, writ of error was granted by the Supreme Court on the third assignment, as follows:

"The Court erred in holding that the Plaintiff in error was liable to the defendant in error, for an amount of One Thousand Dollars, under the contract sued on, for the reason that

the undisputed testimony established that there was only Four Hundred Seventy Six Members, in the class or group to which J. M. Jones, the deceased belonged, subject to assessment for his death, which members were liable to an assessment of One Dollar each, which would limit the amount the defendant in error was entitled to receive on account of said death to an amount of Four Hundred Seventy Six Dollars."

This suit is for the recovery on an insurance certificate or policy issued by plaintiff in error, on July 24, 1930, which bound it to pay Pearl Woods, granddaughter and beneficiary, upon Jones' death, the sum of $1.00 for every member in the group of the Comanche Branch of said association, not to exceed $1000.00, to which Jones was assigned or belonged. He died on October 28, 1930, all his assessments and dues having been paid.

Jones belonged to Group 2A which had a total of 476 members, when the directors of the association undertook, at a special meeting on February 5, 1931 (after Jones' death) to subdivide Group 2A into eleven divisions, each such division assuming the liability of the deaths in its own divison. Accordingly, the secretary apportioned 81 members, including Jones, to Subdivision D5 of Group 2A and an assessment was made on March 10, 1931, on the members placed by the Secretary in Subdivision D5 which realized the sum of $67.00, for which a check was sent to Miss Woods, the beneficiary. This check was unsigned and of course worthless. It was produced at the trial in its unsigned condition, uncashed. Miss Woods has never received anything else from the association and it has never made any other tender or offer of payment. No assessment was ever made on the members in Group 2A, although it was the association's duty to do so.

It appears from the testimony of J. A. Wilson, former bookkeeper of the association, that Subdivision D5 was assigned the duty of paying the death claim of J. M. Jones, but at the time of the trial below there were no members in said subdivision nor in Group 2A nor in two other groups, viz:—2B or No. 1 of the Comanche branch. To the same effect is the testimony of L. J. Bryan, vice president of the association.

It would therefore be futile to now direct that an assessment be levied on members of a non-existent group or class. The by-laws (Art. 1) as well as the constitution (Art. 1) provide that the association shall sue and be sued in its corporate name; the officers have the right to prescribe the conditions and limitations upon any class of membership certificate issued

(Art. 12), and the authority to use any funds of the association for any purpose regardless of the source from which obtained or the purpose for which originally paid into the association (Art. 18; Sec. 12, Art. 6, Constitution).

The certificate or policy contains the following provision:— "3d.—The said member agrees to the stipulation that this certificate shall only bind the association to pay to Miss Pearl Woods, granddaughter, as beneficiary, the sum of $1.00 from each member of this group" (meaning Group 2A) "who contributes to the settlement of this claim, such amount not to exceed $1000.00 and payable at Comanche, Texas."

■ The right to have the assessment made on all members of Group 2A, in accordance with the terms of the certificate, accrued at the death of Jones and the association was without power to thereafter subdivide such group into eleven subdivisions and arbitrarily assign this claim to one of them—such action being in direct conflict with the contract evidenced by the certificate and constitutes a fraud upon the rightful expectancies held by the deceased in his life time and upon the present rights of the beneficiary. Amarillo Mut. Ben. Ass'n. v. Franklin (Com. App.), 50 S. W. (2d) 264; Ft. Worth Mut. Ben. Ass'n. v. Guire, 292 S. W., 910; 45 C. J., 166.

We hold therefore that the attempted subdivision of Group 2A into eleven parts resulting in the allocation of Davis to Subdivision D5 was ineffective and his claim remained as of a member of Group 2A.

■ The beneficiary's petition on which the case was tried, alleged that the association had failed and refused to levy an assessment as required by the certificate, and because of such failure she had been damaged in the sum of $1000.00, with legal interest from a reasonable time after said death within which such assessment should have been levied and collected, to-wit, thirty days.

The evidence showed that no assessment was levied on the members of Group 2A to satisfy the insurance certificate in question, and the association was therefore liable upon allegations of the maximum amount thereof and breach of its duty to make the assessment and collection. Sweetwater Progressive Mut. Life & Accident Ass'n v. Allison, 22 S. W. (2d) 1107; International Order, etc., v. Boswell, 48 S. W., 1108.

The association concedes in its brief supporting its application for writ of error, the right of the beneficiary to recover, but questions the amount thereof. We quote therefrom:

"The judgment of the Trial Court and also of the Court of Civil Appeals in this case, should be reversed and remanded, or reversed and reformed, allowing the defendant in error a judgment for $67.00, or if it be held that the said Board of Directors were without authority to sub-divide said group, then for an amount of $476.00, or One Dollar per member for 476 members.

"WHEREFORE, plaintiff in error prays that its petition for writ of error be granted, and that said judgment of the trial Court and the Court of Civil Appeals at Eastland, Texas, be reversed, and remanded or reversed and reformed to conform with the undisputed evidence in said cause."

We quote also from its application for writ of error:

"In conclusion, the Plaintiff earnestly submits, that if the Defendant in error is entitled to damages in this suit that it would not be entitled to the amount of One Thousand Dollars but would be entitled to only an amount of Four Hundred Seventy Six Dollars, for the following reasons. The copy of the plaintiff's petition in the Court below, alleged that she was entitled to receive one Dollar from each member of the Class or Group to which J. M. Jones deceased belonged upon an assessment being run on said members for said death, and said members contributing to said assessment; this statement and allegation was not denied by the Plaintiff in error, but was allowed to stand as confessed, which rendered it unnecessary for the Plaintiff in error to plead the same facts in its answer. The Evidence was uncontradicted which was given by the Vice President and Bookkeeper of the Plaintiff in error to the effect that there were only Four Hundred Seventy Six Members subject to assessment and members of the class or Group Number Two of which the said J. M. Jones was a member, and who could have contributed to an assessment on his death. Under this state of facts as held in the case of Fort Worth Mutual Benevolent Association v. Akin, 9 S. W. (2d) 398, and the case of Fort Worth Mutual Benevolent Association v. Haney, 17 S. W. (2d) 105, and in the 2nd Volume of Cooley's Briefs on Insurance page 1362, the limit of recovery would be Four Hundred Seventy Six Dollars, or One Dollar for every member in the class or Group Number Two to which the deceased belonged and subject to an assessment for his death."

Having held that the Board of Directors were without authority to subdivide said Group 2A, it necessarily follows that, the recovery should be on the basis of 476 members, and the judgment below must be reformed to allow such recovery

in the sum of $476.00, with interest at the legal rate from its date, and as so reformed, is affirmed.

Opinion adopted by the Supreme Court June 10, 1936.

Rehearing overruled July 22, 1936.