PROTECTIVE MUTUAL BENEFIT ASSOCIATION V. MRS. DOLLIE
McCUISTION ET AL.

No. 6709.   Decided March 31, 1937.
(103 S. W., 2d Series, 138.)

246

*E. B. and Howell Ward,* of Corpus Christi, for plaintiff in error.

It was error for the court to hold that the contract of insurance herein sued upon was complete without the delivery of the certificate to the member, and the negligence of the association in delivering the certificate could not have the effect of invalidating it, since both the application therefor and the policy contained the requirement that insured should countersign the certificate before his death which he did not do. Brownwood Ben. Assn. v. Maness, 30 S. W. (2d) 1114; Dickey v. Continental Casualty Co., 89 S. W. 436; Modern Woodmen of America v. Owens, 130 S. W. 862.

*Sidney P. Chandler,* of Corpus Christi, for defendant in error.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

Suit was instituted by the beneficiary named in a policy of insurance, alleged to have been issued on the life of George Dee McCuistion, and which contained the following stipulations:

"That the said member agrees to the stipulation herein that this Certificate shall only bind the Protective Mutual Benefit Association to pay to the order of Dollie C. McCuistion, wife, beneficiary, the sum of One Dollar contributed for the settlement of this claim from each member in good standing in this Series at the time of death of said member, said amount not to exceed One Thousand Five Hundred Dollars ($1,500) should the said member die in good standing in the Protective Mutual Benefit Association.

" *   *   *

"This Certificate is not valid until countersigned in ink by the person in whose name it is written."

Judgment was finally entered in the name of the assignee of the above named beneficiary against the said Association for the sum of $742 and interest, the principal sum named being the total of the number of members of said Association in good standing at the time of the death of the insured, multiplied by one dollar.

This judgment was affirmed by the San Antonio Court of Civil Appeals. See 66 S. W. (2d) p. 511 where the facts are sufficiently stated.

The controlling question in the mind of that court is reflected by the following quotation from its opinion:

"This court does not sustain the judgment upon the ground of waiver of the stipulation in the certificate and application, and it therefore becomes unnecessary to pass upon the admission of the testimony in regard to such waiver. This decision is based upon the negligence of plaintiff in error in failing to deliver the certificate of membership before the death of the member."

1  We do not agree with such view. It is our opinion that delay or negligence in the delivery of a policy of insurance could not be made to control the real question before that court of whether or not there existed a contract of insurance on the life of the said McCuistion at the time of his death. It is believed by us that the law upon the particular question under discussion was correctly stated by Judge HICKMAN in the case of Brownwood Benev. Ass'n. v. Maness, 30 S. W. (2d) 1114.

2  The contention of the Association is that since the policy or certificate in question was to be countersigned in ink by the insured, as an evidence of his acceptance of same, and the testimony conclusively showing that he died before its manual delivery and without his complying with such stipulation, there

never came into existence any enforceable contract of insurance upon his life. If the facts embodied in this statement constituted the substance of the entire record before us we would quickly agree with the correctness of such view.

There was submitted to the jury, among many others, the following two issues:

"Do you find from a preponderance of the evidence that the defendant, Protective Mutual Benefit Association, by its actions, words and conduct, if any, waived the provision in the insurance policy pertaining to same being countersigned in ink by the person in whose name it is written? Answer 'yes' or 'no.'

"Do you find from a preponderance of the evidence that the defendant, Protective Mutual Benefit Association, did, by and through its duly authorized agent, before the death of George Dee McCuistion, assure his wife, Dollie C. McCuistion, that the insurance on the life of George Dee McCuistion was in full force and effect?"

Both these were answered in the affirmative. These issues were based upon pleadings and evidence, the sufficiency of which are not here in any way questioned. We therefore do not turn aside to consume space in detailing either.

That the quoted stipulation may be waived has been pointedly and we think correctly decided. Stewart v. Hemphill, 245 S. W. 123; Fort Worth Mut. Benev. Ass'n. of Texas v. Miller, 280 S. W. 338, 24 Tex. Jur. p. 685.

**3** The Association acted through its executive officers, the president and secretary of same. Their authority is not here questioned. Objection was made to proof of oral statements made by one of these to the effect that the policy was in force. It appears that the wife of the insured called several times for the policy, prior to the death of insured, and was informed in substance that the policy had been issued, and was in force and for her to not be uneasy. The policy was not mailed until about the time of, but prior to the death of insured. This did not constitute such an attack upon the policy, as required pleadings of fraud, accident or mistake. The testimony was intended to support in part the theory of waiver already discussed and was admissible for such purpose.

**4** Finally it is argued that "her cause of action is not for debt, because under the undisputed testimony no contribution has been made for McCuistion by the members. The proper action, to our mind, would have been mandamus, as has been resorted to in some instances."

It is further contended that at all events liability in this case extends no further than the amount realized from assessments from members. It appears that at the time of the death of the insured there were 742 members in good standing and that the association has failed or refused to make any assessment against these, as it was in duty bound to do, if the present policy was an enforceable obligation. The above contentions are sufficiently answered in the recent case of Mutual Protective Ass'n. of Texas v. Woods, 128 Texas 9, 94 S. W. (2d) 1149, by Section B of the Commission of Appeals. Upon this authority we overrule the above contentions. In so doing, this Court does not impliedly overrule these as correct statements of the law in a proper case. Such questions are present here in such a way as to call only for an announcement by us of their approval as correct propositions of law in all cases of this character regardless of the state of the pleadings and evidence.

Nor is the proper method or manner of collecting the present judgment before us for decision.

We have omitted any mention of questions necessarily controlled by those herein discussed.

A proper disposition was made of this case by the San Antonio Court, but a wrong reason given for same, as indicated above.

Judgment of the trial court and Court of Civil Appeals affirmed.

Opinion adopted by the Supreme Court March 31, 1937.