

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILKONISSON~~
ATTORNEY GENERAL

Honorable O. P. Lockhart
Chairman, Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-5559
Re: Would the use of the form proposed by a statewide mutual assessment life, health and accident company, operating under the provisions of Articles 4859f and 5068-1, Vernon's Annotated Civil Statutes, be in violation of the laws relating to insurable interest? And another question.

Your letter of August 20, 1943, requesting the opinion of this department on the questions stated therein, is as follows:

"A statewide mutual assessment life, health and accident company, operating under the provisions of Articles 4859f and 5068-1, R.C.S., has submitted for the approval of this Department a proposed new family group policy form which contains the following wording:

"ALL BENEFITS SHALL BE PAID AT THE DIRECTION OF THE PRINCIPAL INSURED

TO_____AT_____
OR any other funeral home, funeral director, or undertaker to the extent of their interests derived by the furnishing of funeral merchandise and/or services in the burial of the insured. Any amount over and above that due and owing to the funeral home, funeral director, or undertaker shall be paid to the principal insured.'

"The benefits are payable in cash, and will, in most cases be an amount in excess of $150.00. The so-called principal insured is, in fact, the beneficiary of the policy, as head of the family to be insured. If the original principal insured dies then another member of the family becomes the principal insured.

"The company proposes to sell the policy through duly licensed agents who may or may not be in some way identified also with the particular undertaker whose name is to be inserted in the blank space of the provision quoted.

"Your opinion is respectfully requested as follows:

"(1)  Would the use of this form in the manner contemplated be in violation of the laws relating to insurable interest?

"(2)  Would the effect of the policy be such that the statewide company would be unlawfully invading the field reserved to burial associations, under Section 23 of Article 5068-1?"

The insurance company desiring to use the form or clause which is quoted in your letter is a statewide mutual assessment life, health and accident company, operating under the provisions of Articles 4859f and 5068-1, Vernon's Annotated Civil Statutes.

Apparently the policy in which the proposed clause is to be inserted belongs to a class sometimes denominated industrial insurance.

"The purpose of this character of insurance seems to have for its object, not the creation of a fund to provide for the future support and maintenance of the family or near relatives of the insured having an insurable interest in his life, or to augment his estate, as ordinary life insurance does; but to provide a reasonable fund with which the insured may procure in his last sickness, which in many cases may be lingering in character, needing aid and assistance by way of nursing and medical attention, etc. and to secure a respectable and decent burial." (Metrolpolitan Life Insurance Company vs. Nelson, 186 S.W. 520.) (Court of Appeals of Kentucky)

An insurance policy containing a clause similar to the one under consideration was approved by the Commission of Appeals of Texas in the case of Scott vs. American National Insurance Company 276 S.W. 643.

The quoted clause under consideration is what is commonly known as "facility of payment clause", that is, the benefits

are paid directly to the party entitled to receive the same by virtue of having been designated both by the insurer and the insured as the party to receive said benefits by virtue of having furnished certain services or undertaking certain obligations of the principal insured.

With reference to the term "facility of payment clauses" it is stated in Texas Jurisprudence Vol. 24, page 779:

"Often inserted in industrial policies are so-called 'facility of payment' clauses whereby the insurer reserves the right to pay the insurance to any person selected by it as equitably entitled thereto. Under such a clause which permits the insurer to pay either to the beneficiary named in the policy or to any other person appearing to be equitably entitled thereto, payment may be made to another than the named beneficiary, provided he is equitably entitled thereto, as, for instance, where he has paid the burial expenses." (Also see Couch on Insurance Vol. 2, Section 311a; Scott vs. American National Insurance Company, supra; American Citizen Labor & Protective Ins. of Texas vs. Wesley, 9 S.W. 500; and Border Insurance Company vs. Monk, 103 S.W. (2d) 825)

We are familiar with the general rule that requires the beneficiary to have an insurable interest in the insured in ordinary life insurance policies. (See Texas Jurisprudence Vol. 24, page 769 and the authorities cited therein) We do not believe that it is necessary to pass upon the question whether or not an insurable interest must exist for it is our opinion that such insurable interest does exist because under the policy under consideration the principal insured is the beneficiary. The question of insurability is not involved insofar as the undertaker of the funeral home is concerned.

In view of the foregoing authorities it is our opinion that your first question should be answered in the negative, and is so answered.

Your second question is answered in the negative also. In connection with the answer to your second question it is to be noted that section 3 of Article 5068-1, Vernon's Annotated Civil Statutes merely provides that associations, persons or corporations doing the business of providing burial or funeral benefits, where benefits are payable partly or wholly in merchandise or services not in excess of $150.00 and declared to be burial companies must organize under the provisions of Chapter 274, Acts of the 41st Legislature. Under the policy under con-

sideration the insurance company proposes to pay the entire benefits in cash and in most instances the benefits will exceed the sum of $150.00. The insurance company does not propose to engage in the business of providing burial or funeral benefits in any manner. The insurance company does not pay anything in merchandise or services. The insurance company merely proposes to pay in cash to the funeral home or undertaker for certain benefits rendered by the funeral home or undertaker at the direction of the principal insured.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/Ardell Williams
Ardell Williams
Assistant

AW:ff:wc

APPROVED SEP 8, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman